ELLEN F. ROSENBLUM
Attorney General
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
KENNETH C. CROWLEY #883554
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Shannon.M.Vincent@doj.state.or.us
Kenneth.C.Crowley@doj.state.or.us

Attorneys for Defendant Jerry Plante

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK WILSON,

Plaintiff,

v.

JERRY PLANTE, and JOHN DOES 1-10,

Defendants.

Case No. 6:21-cv-01606-SI

DEFENDANT JERRY PLANTE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Mark Wilson, an adult in custody at an Oregon Department of Corrections (ODOC) correctional facility, who has now finished serving 90 days of a 120-day disciplinary segregation sanction for compromising an ODOC employee, brings this untimely motion for a temporary restraining order to terminate that sanction. Plaintiff's complaint challenges disciplinary sanctions imposed in a prison disciplinary hearing that was initiated by a misconduct report prepared by ODOC Inspector Jerry Plante, the only named defendant in this case.

Page 1 - DEFENDANT JERRY PLANTE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
SMV/jm8/164486393

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Plaintiff alleges that Inspector Plante investigated plaintiff and issued a misconduct report against him to retaliate against him for protected conduct. In his motion for temporary restraining order, plaintiff asks the Court to remove the misconduct from his record, release him from segregation, return him to incentive housing, and "not further retaliate against plaintiff." (Mot., Dkt. #3, p. 2).

Inspector Plante opposes plaintiff's untimely motion because it fails to satisfy the four elements required for the injunctive relief that plaintiff is seeking. First, plaintiff is not likely to succeed on the merits of his claims because: (1) he failed to exhaust plainly available administrative remedies; (2) Inspector Plante's investigation was motivated by legitimate penological concerns, and not in "retaliation" for engaging in constitutionally protected activity; and (3) Inspector Plante's involvement, if any, in plaintiff's present disciplinary segregation status and housing placement ended at the point in which he issued a misconduct report against plaintiff—and plaintiff fails to include any allegation as to any other retaliatory act committed by any other named (or unnamed) ODOC employee. Second, plaintiff cannot show that he will suffer irreparable harm in the absence of preliminary injunctive relief because: (1) he delayed in filing this motion for "emergency" relief—filing it almost 90 days into a 120-day segregation placement and almost three weeks after filing his complaint; and (2) plaintiff's alleged injuries are compensable with money damages. Third, the balance of equities tips in Inspector Plante's favor, especially when plaintiff's unexplained three-month delay in timely filing this action is considered. And fourth, an injunction will not serve the public interest.

## BACKGROUND FACTS

### I. Inspector Plante's Special Investigations Unit (SIU) Investigation.

On December 4, 2020, Oregon State Correctional Institution (OSCI) Rehabilitation Manager, Trish Davenport, received an anonymous AIC communication that made numerous allegations regarding OSCI Library Coordinator Pamela McKinney. (Plante Decl., ¶ 5). The anonymous reporter alleged that Ms. McKinney, among other things:

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

- Brought her personal cell phone into OSCI's secured perimeter;
- Used her cell phone to communicate with former AICs on parole and to pass messages between AICs and released AICs;
- Used her ODOC email for plaintiff; and
- Gave library workers special privileges.

(*Id.* at ¶ 6). The matter was referred to Inspector Plante, who opened an SIU investigation into Ms. McKinney's alleged misconduct. (*Id.* at ¶ 7).

Over the next several months, Inspector Plante's investigation substantiated many of the allegations against Ms. McKinney. (*Id.* at ¶ 8). With regard to plaintiff, Inspector Plante learned that plaintiff received an unauthorized gift from Ms. McKinney (a plastic toy phone), as well as special privileges that not all AICs were afforded, including at least $387.40 savings in copying and mailing costs as Ms. McKinney directly assisted him outside of authorized channels. (*Id.* at ¶ 9). During that investigation, Ms. McKinney, a 22-year veteran with ODOC, specifically admitted to Inspector Plante that plaintiff had compromised her. (See *Id.*, Ex. 1, p 2, "Furthermore, Ms. McKinney is a 22-year veteran employee with the DOC. She has been through countless hours of training during her career. When she was asked," Have you been compromised as an employee?" She said, "Yes." It is my belief that Ms. McKinney knows, based on her training and experience, if she has been compromised by an AIC or not.").

On August 4, 2021, Inspector Plante issued a misconduct report charging plaintiff with violating four ODOC rules: (1) Rule 4.15, Compromising an Employee; (2) Rule 1.11, Contraband II; (3) Rule 1.25, Unauthorized Use of Information Systems I; and (4) Rule 4.01, Disobedience of an Order 1. (*Id.* at ¶ 10, Ex. 1 (misconduct report)).

Inspector Plante's personal involvement with plaintiff's prison disciplinary case ended with his misconduct report. Plaintiff was not placed into pre-hearing segregation as a result of the misconduct report. (*Id.* at Ex. 1, p. 1). And Inspector Plante had no personal involvement with plaintiff's disciplinary record, segregation stay, or housing placement. (*Id.* at ¶ 11).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**II. Disciplinary Case No. 2103 OSCI 0056.**

On August 9, 2021, Hearings Officer Ronnie Foss opened a prison disciplinary hearing in Disciplinary Case No. 2103 OSCI 0056, which arose out of the misconduct report that Inspector Plante issued to plaintiff. (Nofziger Decl., ¶ 4, Ex. 1). On August 10, 2021, Hearings Officer Foss granted plaintiff's request for witnesses in the case. (*Id.* at ¶ 5, Ex. 1, p. 1). The case was reconvened on August 31, 2021, and concluded. (*Id.* at ¶ 6). Hearings Officer Foss reviewed each of the four charged rule violations before issuing her findings, and a brief summary of her decisions with respect to each of those alleged rule violations is included in the following four sections.

**A. Rule 4.15, Compromising an Employee.**

The first alleged rule violation Hearings Officer Foss decided involved compromising an ODOC employee—OSCI Library Coordinator McKinney. Under OAR 291-105-0015(4)(h), "[a]n AIC commits Compromising an Employee when that AIC knowingly engages an employee, public safety officer, non-employee service provider, or any person involved in DOC programs or activities in a personal relationship or business transaction, excluding AICs or visitors approved under DOC visiting rules." (*Id.* at Ex. 2, p. 8). Rule 4.15, Compromising an Employee, is a Level 1 on the Major Violation Grid. (*Id.* at p. 29). The recommended sanctions include 120 days maximum in disciplinary segregation, 28 days loss of privileges, a $200 max fine, and a mandatory time reduction. (*Id.*).

Hearings Officer Foss determined that plaintiff violated Rule 4.15, Compromising an Employee, by engaging in a personal relationship with Ms. McKinney by accepting items that were not authorized, such as a plastic child's toy phone, photographs and videos from former AICs, two thumb drives, and having Ms. McKinney send and receive numerous emails on his behalf. (*Id.* at Ex. 1, p. 2). Hearings Officer Foss recommended sanctions including 120 days in disciplinary segregation, confiscation of contraband, and a $100 fine and 28 days loss of privileges (both of which were suspended pending no major rule violations). (*Id.* at p. 4).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**B. Rule 1.11, Contraband II.**

The second alleged rule violation Hearings Officer Foss considered involved possession of contraband—in this instance, the possession of a toy telephone in plaintiff's assigned work area. Under OAR 291-105-0015(1)(e), "An AIC commits Contraband II when that AIC possesses contraband, including that listed in Contraband I and Contraband III, that creates a threat to the safety, security, or orderly operation of a facility . . . ." (*Id.* at Ex. 2, p. 5). Contraband II is a Level IV on the Major Violation Grid. (*Id.* at p. 29). Recommended sanctions include 14 days in disciplinary segregation, 14 days loss of privileges, and a $50 max fine. (*Id.*).

Hearings Officer Foss determined that plaintiff violated Rule 1.11, Contraband II, by possessing contraband that created a threat to the safety, security, or orderly operations of the facility by possessing the unauthorized items from Ms. McKinney. (*Id.* at Ex. 1, p. 3). The sanctions for the violation were merged with the Rule 4.15 sanctions. (*Id.* at p. 5).

**C. Rule 1.25, Unauthorized Use of Information Systems I.**

The third alleged rule violation Hearings Officer Foss considered involved the misuse of ODOC computer systems. Under OAR 291-105-0015(1)(i):

> An AIC commits Unauthorized Use of Information Systems I when that AIC operates or uses any information system equipment (including terminals, personal computers, tablet computers, minicomputers, workstations, controllers, printers, copiers, fax machines, or phones) if the usage exceeds the conditions of use or access granted by the Director, functional unit manager, or designee in the following manner:
>
> (A) 1.25.01 To send, receive, or read messages or e-mails, access the Internet, or access any employee-only programs or computer systems; or
>
> (B) 1.25.02 To conduct illegitimate business activity; or
>
> (C) 1.25.03 To do unauthorized legal work.

(*Id.* at Ex. 2, p. 6).

At plaintiff's disciplinary hearing, Hearings Officer Foss substituted the lesser included offense of Unauthorized Use of Information Systems II. (*Id.* at Ex. 1, p. 3). That rule provides:

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

> An AIC commits Unauthorized Use of Information Systems II when that AIC operates or uses any information system equipment (including terminals, personal computers, tablet computers, minicomputers, workstations, controllers, printers, copiers, fax machines, or phones) if the usage exceeds the conditions of use or access granted by the Director, functional unit manager, or designee in the following manner:
>
> (A) 1.26.01 To prepare a letter or other unauthorized document; or
>
> (B) 1.26.02 To make copies, view video, or listen to audio files for personal use; or
>
> (C) 1.26.03 To use the phone, Video Interactive Phone system, or any incentive level electronic device in excess of, or outside, the parameters permitted under the Department's rules.

(*Id.* at Ex. 2, p. 6). Unauthorized Use of Information Systems II is a Level IV on the Major Violation Grid. (*Id.* at p. 29). Recommended sanctions include 14 days in disciplinary segregation, 14 days loss of privileges, and a $50 max fine. (*Id.*).

Hearings Officer Foss determined that plaintiff violated Rule 1.26, Unauthorized Use of Information Systems II, by making copies, viewing videos, and listing to audio files for personal use and exceeding the conditions for use of his thumb drives. (*Id.* at Ex. 1, p. 3). The sanctions for the violation were merged with the Rule 4.15 and Rule 1.11 violations. (*Id.* at p. 4).

**D. Rule 4.01, Disobedience of an Order I.**

The fourth alleged rule violation Hearings Officer Foss considered involved the disobedience of lawful ODOC directives. Under OAR 291-105-0015(4), an adult in custody commits Disobedience of an Order I when that adult in custody "overtly refuses to promptly or in a timely manner comply with a valid order, which creates a threat to the safety, security, or orderly operation of a facility." Here, Hearings Officer Foss dismissed that alleged violation, determining that corrective action involving less formalized procedures was appropriate. (*Id.* at Ex. 1, p. 3). That alternative disposition is authorized under OAR 291-105-0028(12)(c)(B).

**III. Available Administrative Review.**

Plaintiff was entitled to administrative review for Case No. 2103 OSCI 0056.

Under OAR 291-105-0085, disciplinary actions for Level I rule violations—which include Rule 4.15, Compromising an Employee—are subject to review by the Inspector General.



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

(Nofziger Decl., ¶ 10, Ex. 2, p. 27). OAR 291-105-0085(3) provides: "Petitions for administrative review must be filed by the AIC and received by the Inspector General within 60 calendar days after the preliminary order becomes the Final Order under OAR 291-105-0031. Filing a petition for administrative review shall not stay the imposition of a sanction." (*Id.* at ¶ 11, Ex. 2, p. 27). An AIC seeking administrative review "shall request an administrative review by completing the Department approved Petition for Administrative Review form and submitting it to the Inspector General." OAR 291-105-0085(4). The petition must state the date of the hearing, the rule meeting the criteria for review, and sufficient information to show either (a) why there was not substantial compliance with OAR 291-105, (b) that the finding was not based upon a preponderance of the evidence, or (c) that the sanctions imposed were not in accordance with provisions set forth in OAR 291-105. *Id.*

Here, plaintiff was entitled to seek administrative review for Case No. 2103 OSCI 0056 because he was sanctioned for a Level I rule violation. (Nofziger Decl., ¶ 13). But plaintiff never submitted a petition for administrative review. (*Id.* at ¶ 14). Although plaintiff's counsel submitted a request that plaintiff's disciplinary order "be vacated in the interest of justice, pursuant to OAR 291-105-0100," that is a separate provision that supplements OAR 291-105-0085's administrative review process. (*Id.* at ¶¶ 15-17, Ex. 3, Ex. 4). It does not replace the administrative review process for disciplinary proceedings such as plaintiff's. (*Id.* at ¶ 17).

Plaintiff did not exhaust all levels of administrative review available to him before filing this lawsuit on November 4, 2021. (*Id.* at ¶ 18).

**IV. Plaintiff's Delay.**

On August 8, 2021, counsel for plaintiff emailed several ODOC representatives with a letter related to plaintiff's prison disciplinary case. (Lysne Decl., ¶ 2, Ex. 1). In the letter, he demanded—with emphasis—that ODOC "***cease this unconstitutional practice immediately and not continue any hearing of this matter until Mr. Wilson has been afforded the benefit of an independent investigation from our office***." (*Id.* at Ex. 1 (emphasis original)).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

On August 11, 2021, general counsel for ODOC responded to plaintiff's counsel, acknowledging the letter and promising a response after conferral with ODOC. (*Id.* at ¶ 3, Ex. 3). On August 12, 2021, general counsel for ODOC advised plaintiff's counsel that ODOC would "proceed with the disciplinary proceeding concerning Mr. Wilson." (*Id.* at ¶ 4, Ex. 4). General counsel and plaintiff's counsel spoke by phone on August 17, 2021, during which general counsel confirmed that the disciplinary proceeding would move forward. (*Id.* at ¶ 5). General counsel understood from plaintiff's counsel that plaintiff may proceed with litigation for alleged due process violations and alleged retaliation. (*Id.*).

On September 29, 2021, plaintiff's counsel sent a draft complaint (unfiled) to both general counsel and undersigned counsel in this case. (*Id.* at ¶ 6, Ex. 6, Ex. 6a). Plaintiff's counsel advised that: "because Mr. Wilson is actively suffering from a deprivation of his rights, we intend to file suit against ODOC by end of day Friday [October 1, 2021] unless we can remediate this problem." (*Id.* at ¶ 6, Ex. 6). Plaintiff's counsel also appended a copy of Hearings Officer Foss's Finding of Fact, Conclusion, and Order (imposing sanctions on plaintiff) (Ex. 6b) and a letter requesting that plaintiff's August 31, 2021, disciplinary order "be vacated" (Ex. 6c). The same day, on September 29, 2021, undersigned counsel informed plaintiff's counsel that ODOC was going to "stand by its decision in Mr. Wilson's prison disciplinary case." (*Id.* at ¶ 8, Ex. 7).

Neither general counsel nor undersigned counsel heard anything further regarding this matter until plaintiff advised—in an email to undersigned counsel dated 4:44 p.m. on Monday, November 22, 2021—that plaintiff had filed his complaint on November 4, 2021, was moving for a temporary restraining order, and attempting to set a hearing for November 24, 2021. (Vincent Decl., ¶ 3, Ex. 1).

## APPLICABLE STANDARD

The Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(1).

A plaintiff seeking a preliminary injunction must establish the following four factors: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015); *Des Eleveurs de Canards et d'oies v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013), *cert den*, 574 U.S. 932 (2014). In the Ninth Circuit, a plaintiff may also obtain injunctive relief if there are serious questions going to the merits, the balance of hardships tip sharply toward the plaintiff, and the remaining two *Winter* factors are satisfied. *Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018).

Where, as here, the plaintiff seeks a mandatory injunction going beyond maintaining the status quo, he must demonstrate that the facts and law clearly favor an injunction. *Garcia*, 786 F.3d at 740; see also *American Freedom Defense Initiative v. King County*, 796 F.3d 1165, 1173 (9th Cir. 2015) (mandatory injunctions are disfavored and will not be entered in doubtful cases).

## LEGAL ARGUMENT

Plaintiff is not entitled to a temporary restraining order under any of the four *Winter* factors.

### I. Plaintiff is not likely to succeed on the merits of his claims.

To begin, plaintiff is unlikely to succeed on the merits of his claim—the first *Winter* factor—because: (A) he has not exhausted his plainly available administrative remedies; (B) Inspector Plante's investigation was motivated by legitimate penological concerns; and (C) Inspector Plante has no personal involvement with plaintiff's disciplinary record, segregation stay, or housing placement.



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**A. Plaintiff has not exhausted his plainly available administrative remedies.**

**1. The Prison Litigation Reform Act's (PLRA's) pre-suit exhaustion requirement.**

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires that an AIC exhaust all administrative remedies before filing a lawsuit with respect to prison conditions under Section 1983 or any other Federal law. *Porter v. Nussle*, 534 U.S. 516, 531-32 (2002). The PLRA exhaustion requirement serves several important purposes that "reduce the quantity and improve the quality of prisoner suits." *Id.* at 524. Additionally, the requirement gives corrections officials the opportunity to engage in corrective action that could obviate the need for litigation as well as create an administrative record useful to litigation. *Id.* at 525.

Section 1997e(a) specifies that "[n]o action shall be brought . . . until . . . available remedies are exhausted." 42 U.S.C. § 1997e(a). Under this provision, an incarcerated plaintiff cannot pursue any federal claim in court unless he has first given the prison authorities an opportunity to consider providing some relief regarding the facts underlying the grievance. *See Booth v. Churner*, 532 U.S. 731, 736 (2001) (exhaustion required even when a prisoner seeks relief (monetary damages) that cannot be provided in the administrative review process). Moreover, AICs are required to exhaust all available remedies prior to filing suit. In other words, they must pursue their grievance through the highest level of appeal. *See Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002) (prisoner who failed to seek final level of administrative review failed to exhaust remedies).

**2. Plaintiff did not properly exhaust his claim.**

The PLRA's exhaustion requirement applies to prison disciplinary proceedings. See *Voth v. Laney*, Case No. 6:16–cv–779–AC, 2017 WL 1829077, at *4 (D. Or. April 4, 2017), adopted 2017 WL 1827705 (March 4, 2017). In *Voth*, this court entered summary judgment against an AIC's retaliation claim arising out of a misconduct report because the AIC did not petition for administrative review under OAR 291-105-0085 before filing suit. *Id.* at *6.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Here, like in *Voth*, plaintiff is unlikely to succeed on the merits of his claim—which arises out of his prison disciplinary sanction—because plaintiff did not exhaust his administrative remedies for his claim before filing this lawsuit. Plaintiff was entitled to seek administrative review for Case No. 2103 OSCI 0056 because he was sanctioned for a Level I rule violation. (Nofziger Decl., ¶ 13). But plaintiff never submitted a petition for administrative review. (*Id.* at ¶ 14).

**B. Inspector Plante's investigation was motivated by legitimate penological concerns.**

In addition to failing to exhaust, plaintiff is also unlikely to succeed on the merits of his claim because Inspector Plante's actions investigating plaintiff were related to a legitimate penological purpose, and not in retaliation for plaintiff exercising his constitutional rights.

In order for a plaintiff to prevail on a First Amendment retaliation claim under 42 U.S.C. § 1983 in the prison context, he must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. *Barnett v. Centoni*, 31 F.3d 813, 815 16 (9th Cir. 1994). A retaliation claim requires a plaintiff to prove: (1) prison officials took adverse action against him; (2) the adverse action was taken because he (3) engaged in protected conduct; (4) the adverse action chilled his exercise of his First Amendment rights; and (5) the adverse action did not serve a legitimate correctional goal. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citation omitted). It is the AIC's burden to establish that there were no legitimate penological purposes motivating the actions of which he complains. *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).

Retaliation claims are evaluated in light of the deference generally accorded prison officials. *Id.* at 807. When addressing retaliation claims, courts "should 'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

reasons for conduct alleged to be retaliatory" to avoid "excessive judicial involvement in day-today prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'" *Id.* at 807 (citation omitted). "The nature of a retaliation claim requires that it be 'regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.'" *Banks v. Oregon*, Case No. 2:12-cv-01651-MC, 2014 WL 1946552, *3 (D. Or. May 12, 2014) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)).

Here, Inspector Plante's investigation into Ms. McKinney's inappropriate relationships with AICs, an investigation that included plaintiff and others, was in service of legitimate penological goals. When an employee is compromised, their actions impact the safety and security of all who live and work in Oregon's prisons.

### C. Inspector Plante has no personal involvement with plaintiff's disciplinary record, segregation stay, or housing placement.

The preliminary injunctive relief that plaintiff is asking the Court to award—reversing the disciplinary findings made against plaintiff, releasing plaintiff from disciplinary segregation, placing plaintiff back into incentive housing, and an order that defendant "not further retaliate against plaintiff" (Motion, Dkt. #3, p. 2)—is sought from a defendant who had no role in disciplining or housing plaintiff. Inspector Plante's involvement, if any, in plaintiff's present disciplinary segregation status and housing placement ended when he issued the misconduct report against plaintiff. Plaintiff fails to include any allegation as to any other retaliatory act committed by any other named (or unnamed) ODOC employee. Under those circumstances, the preliminary injunctive relief that plaintiff is seeking is inappropriate as to the defendant whom plaintiff has named. There are no facts from which the Court could infer that Inspector Plante has any authority to carry out the injunctive relief that plaintiff is seeking.

Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects. *Mayfield v. U.S.*, 599 F.3d 964, 970 (9th Cir. 2010) (citation omitted).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Nor does speculation or "subjective apprehension" about future harm support standing. *Id.* "Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a 'real or immediate threat . . . that he will again be wronged in a similar way.'" *Id.* (citation omitted). Plaintiff has not made that showing as to Inspector Plante, who is not involved with plaintiff's disciplinary record, segregation stay, or housing placement. (Plante Decl., ¶ 11).

Moreover, to the extent that plaintiff is asking the Court to enter a preliminary injunction enjoining defendant to "Not further retaliate against Plaintiff for engaging in protected, First Amendment conduct again," plaintiff's proposed injunctive relief does not comply with the PLRA's restrictions on prospective injunctive relief. Under the PLRA:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

A prospective injunction is only appropriate under the PLRA when it is narrowly drawn and is "the least intrusive means necessary" to vindicate a constitutional violation. *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). Section 3626(a) "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 999 (9th Cir. 2000). "[O]ne of the purposes of the Act was to restrict severely the intrusion of the judiciary in the operation of prisons." *Plata v. Schwarzenegger*, 603 F.3d 1088, 1095 (9th Cir. 2010) (citing *Gilmore*, 220 F.3d at 996-97).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Here, the prospective injunctive relief that plaintiff seeks does not comply with the PLRA's "narrowly drawn" requirement. Instead, plaintiff is asking the Court to order Inspector Plante to follow the law. But a general injunction that Inspector Plante must "follow the law" (which he already must do) is not appropriate in the absence of an imminent or ongoing constitutional violation, which is not alleged in this case as to Inspector Plante. Inspector Plante's involvement in this matter ended on August 4, 2021.

**II. Plaintiff cannot show he will suffer irreparable harm.**

Plaintiff also cannot establish the second *Winter* factor—immediate and irreparable harm in the absence of injunctive relief—because: (A) he delayed in filing this motion for "emergency" relief—filing it almost 90 days into a 120-day segregation placement and almost three weeks after filing his complaint; and (B) plaintiff's alleged injuries are compensable with money damages.

**A. Plaintiff delayed in filing this motion for "emergency" relief—filing it almost 90 days into a 120-day segregation placement and almost three weeks after filing his complaint.**

Plaintiff's delay in moving for preliminary injunctive relief undercuts his argument that he will suffer an immediate, irreparable injury without it. An unreasonable delay in seeking injunctive relief demonstrates a lack of urgency and cuts against a plaintiff's claim of irreparable harm. *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985). "'A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights. By sleeping on its rights a plaintiff demonstrates the lack of need for speedy action . . . .'" *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (internal citation omitted). Here, Inspector Plante issued his misconduct report against plaintiff (at which point his involvement in the matter ended) on August 4, 2021. (Plante Decl., ¶¶ 10-11). And even if Inspector Plante were somehow responsible for plaintiff's 120-day disciplinary segregation sanction, plaintiff began serving it on August 31, 2021—almost 90 days before seeking preliminary injunctive relief. (Nofziger Decl., Ex. 1, p. 4).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

In *Klein v. United States Department of the Interior*, a plaintiff filed an *ex parte* motion for temporary restraining order seeking to enjoin defendants from destroying two sport-hunted elephant tusks 91 days after learning the tusks would be destroyed. Case No. 2:14-cv-00700-GEB-CKD, 2014 WL 12572871, at *1 (E.D. Cal. Mar. 17, 2014). The court concluded that plaintiff's unexplained 91-day delay in seeking judicial relief contradicted his claim of irreparable injury. *Id.* Similarly, here, plaintiff's unexplained decision to wait almost 90 days into a 120-day disciplinary segregation sanction (which, defendant notes, Inspector Plante did not levy in the first place) contradicts his claim of irreparable injury.

**B. Plaintiff's alleged injuries are compensable with money damages.**

Citing *Melandres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012), plaintiff argues in his motion for temporary restraining order that the alleged deprivation of his constitutional rights constitutes an irreparable injury *per se*. (Motion, Dkt. #3, pp. 27-28). In *Melandres*, the plaintiffs established that the defendants were engaging in an ongoing unconstitutional practice, detaining individuals solely because of their immigration status, a civil matter. 695 F.3d at 1002. In those circumstances, the Ninth Circuit concluded that "the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Id.* (quoting *Elrod v. Bruns*, 427 U.S. 347 (1976). In *Elrod*, the Supreme Court held that the plaintiffs had established an irreparable injury where "It [wa]s clear . . . that First Amendment interests were either threatened or in fact being impaired at the time relief was sought." 427 U.S. at 373.

Here, unlike in *Melandres* and *Elrod*, the only named defendant in this case is not actively engaging in any ongoing conduct with regard to plaintiff's First Amendment rights. To the contrary, plaintiff claims that Inspector Plante retaliated against plaintiff by either investigating his misconduct or issuing a misconduct report against him on August 4, 2021. As of August 4, 2021, Inspector Plante's involvement with plaintiff ended. Inspector Plante has no responsibility for adjudicating plaintiff's subsequent misconduct proceedings, disciplinary sanctions, or housing placement.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Additionally, to the extent that plaintiff is asking the Court to "Reverse the unconstitutional disciplinary findings made against Plaintiff," (which Inspector Plante did not make) and to "Place Plaintiff back into his incentive housing" (which Inspector Plante did not remove him from and has no control over), plaintiff fails to show any immediate, irreparable injury that will result from the Court's denial of his motion that cannot be compensated with money damages. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("'The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm'") (*quoting Virginia Petroleum Jobbers Association v. Federal Power Commission*, 259 F.2d 921, 925 (D.C. Cir. 1958)).

**III. The balance of equities and public interest warrant against injunctive relief.**

Lastly, the remaining two *Winter* factors—the balance of equities, and public interest—warrant against injunctive relief. In cases in which the government is party to a case in which a preliminary injunction is sought, the remaining two *Winter* factors, the balance of the equities and public interest, merge together. *Roman v. Wolf*, 977 F.3d 935, 940–41 (9th Cir. 2020). "In weighing equities, a court 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Western Watersheds Project v. Bernhardt*, 391 F.Supp.3d 1002, 1023 (D. Or. 2019) (quoting *Winter*, 555 U.S. at 24). Here, the balance of equities and public interest in favor of defendants strongly favor defendants—as there is a compelling public interest in maintaining prison discipline and security. *See Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) ("It bears repetition . . . that prison security is a compelling state interest, and that deference is due to institutional officials' expertise in this area"); *Anderson v. Dzurenda*, Case No. 3:18-cv-00426-MMD-CLB, 2021 WL 4171710, at *4 (D. Nev. 2021) (in weighing the balance of equities and public interest, maintaining order, security, and discipline in a correctional facility weigh in favor of correctional officials).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

In contrast, the equities or public interest in plaintiff's favor—here, avoiding alleged infringement of a prisoner's First Amendment rights by correctional officials investigating potential employee misconduct—is greatly diminished by plaintiff's own unexplained and unreasonable delay in seeking injunctive relief. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) (*per curium*) (when assessing whether the balance of equities and public interest, an unreasonable delay in seeking relief will "tilt[] against" injunctive relief because "a party requesting a preliminary injunction must generally show reasonable diligence"); *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief."); *Cooper v. Rimmer*, 379 F.3d 1029, 1032 (9th Cir. 2004) (court properly may weigh undue delay in the balance of equities). Here, plaintiff has been aware of a factual basis to file a complaint—and present a motion for injunctive relief for alleged retaliation—since as early as August 8, 2021. (Lysne Decl., ¶ 2, Ex. 1). Plaintiff's counsel told ODOC's general counsel on August 17, 2021, that plaintiff may intend to proceed with litigation on due process and retaliation claims. (*Id.* at ¶ 5). Yet plaintiff never did so, until now.

In sum, had plaintiff timely acted, or acted consistent with his representations, he could have already obtained judicial review of the relief sought in his motion for temporary restraining order—in particular, his request that the Court "Reverse the unconstitutional disciplinary findings made against Plaintiff" and "Release Plaintiff from the disciplinary segregation unit." (Motion, Dkt. #3, p. 2). Instead, plaintiff waited until he had already served almost 90 days of a 120-day segregation sanction before filing his motion for temporary restraining order. Plaintiff, who will complete his disciplinary segregation sanction on December 28, 2021, has not been reasonably diligent in presenting his claim. In these circumstances, the balance of equities and public interest warrant against injunctive relief.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## CONCLUSION

Under each of the four *Winter* factors, individually and collectively, the court should deny plaintiff's motion for a temporary restraining order for the reasons that his motion is untimely, his claims lack merit, and the balance of equities and public interest weight against injunctive relief.

DATED November  29, 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


*s/ Shannon M. Vincent*
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
KENNETH C. CROWLEY #883554
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Shannon.M.Vincent@doj.state.or.us
Kenneth.C.Crowley@doj.state.or.us
Of Attorneys for Defendant

Page 18 -   DEFENDANT JERRY PLANTE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
            MOTION FOR TEMPORARY RESTRAINING ORDER
     SMV/jm8/164486393

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**CERTIFICATE OF SERVICE**

I certify that on November 29 , 2021, I served the foregoing DEFENDANT JERRY PLANTE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Juan C. Chavez | ___ HAND DELIVERY |
| Franz H. Bruggemeier | ___ MAIL DELIVERY |
| Oregon Justice Resource Center | ___ OVERNIGHT MAIL |
| PO Box 5248 | ___ TELECOPY (FAX) |
| Portland, OR 97208 | X E-MAIL |
| *Attorneys for Plaintiff* | X E-SERVE |

*s/ Shannon M. Vincent*

SHANNON M. VINCENT #054700
Senior Assistant Attorney General
KENNETH C. CROWLEY #883554
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Shannon.M.Vincent@doj.state.or.us
Kenneth.C.Crowley@doj.state.or.us
Of Attorneys for Defendant

Page 1 - CERTIFICATE OF SERVICE
SMV/jm8/151894191.docx

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791