ELLEN F. ROSENBLUM
Attorney General
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
KENNETH C. CROWLEY #883554
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Shannon.M.Vincent@doj.state.or.us
       Kenneth.C.Crowley@doj.state.or.us

Attorneys for Defendant Jerry Plante

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARK WILSON,<br><br>       Plaintiff,<br><br>    v.<br><br>JERRY PLANTE, and JOHN DOES 1-10,<br><br>       Defendants. | Case No. 6:21-cv-01606-SI<br><br>JERRY PLANTE'S DECLARATION IN SUPPORT OF DEFENDANT JERRY PLANTE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

I, Jerry Plante, hereby declare:

      1.      The Oregon Department of Corrections (ODOC) employs me as an Investigator with the Special Investigations Unit (SIU) for the Office of Inspector General. I have been employed as an investigator since May of 2007 and with ODOC since June of 1993.

      2.      I conduct investigations at all ODOC facilities throughout the State.

      3.      I make this declaration from personal knowledge and in reliance on the attached record, which is regularly maintained in the ordinary course of ODOC's business.

Page 1 -   DECLARATION OF JERRY PLANTE
      SMV/jm8/Wilson 1606 PLD Plante Declaration iso Def's response to TRO.docx

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

4. I make this declaration in support of *Defendant Jerry Plante's Response in Opposition to Plaintiff's Motion for Temporary Restraining Order*.

5. On December 4, 2020, Oregon State Correctional Institution (OSCI) Rehabilitation Manager, Trish Davenport, received an anonymous Adult in Custody (AIC) communication that made numerous allegations regarding OSCI Library Coordinator Pamela McKinney.

6. The anonymous reporter alleged that Ms. McKinney, among other things:

- Brought her personal cell phone into OSCI's secured perimeter;
- Used her cell phone to communicate with offenders on parole and to pass messages between AICs and released offenders;
- Used her ODOC email for AIC Mark Wilson; and
- Gave library workers special privileges.

7. The matter was referred to me, and I opened an SIU investigation into Ms. McKinney's alleged misconduct.

8. Over the course of the next several months, my investigation substantiated many of the allegations against Ms. McKinney.

9. With regard to Mr. Wilson, I learned that he received an unauthorized gift from Ms. McKinney (a plastic toy phone), as well as special privileges that not all AICs were afforded, including at least $387.40 savings in copying and mailing costs as Ms. McKinney directly assisted him outside of authorized channels.

10. On August 4, 2021, I issued a misconduct report charging Mr. Wilson with violating four ODOC rules: (1) Rule 4.15, Compromising an Employee; (2) Rule 1.11, Contraband II; (3) Rule 1.25, Unauthorized Use of Information Systems I; and (4) Rule 4.01, Disobedience of an Order 1. A true and correct copy of the misconduct report is attached to this declaration as Exhibit 1.

Page 2 -   DECLARATION OF JERRY PLANTE
   SMV/jm8/Wilson 1606 PLD Plante Declaration iso Def's response to TRO.docx
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

11. My personal involvement with Mr. Wilson's prison disciplinary case ended with my submission of the misconduct report. Mr. Wilson was not placed into pre-hearing segregation as a result of the misconduct report. And I had no personal involvement with Mr. Wilson's disciplinary record, segregation stay, or housing placement.

**I declare under penalty of perjury that the foregoing is true and correct.**

EXECUTED on November 23, 2021.

                      *s/ Jerry Plante*
                      JERRY PLANTE

Page 3 -   DECLARATION OF JERRY PLANTE
           SMV/jm8/Wilson 1606 PLD Plante Declaration iso Def's response to TRO.docx

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

 ORIGINAL

CASE # 2103 OSCI 0056

Name: Wilson, Mark        SID# 7449142        Housing: 11-89A        Assignment: Library
      (Last, First, MI)

ODOC Facility: OSCI        Location of Violation: Library        Date: 3/23/21        Time: 9:10am

### Charge(s) SELECT THE APPROPRIATE RULES(S)

| Rule# | Title of Rule | | Rule# | Title of Rule | |
|---|---|---|---|---|---|
| 4.15 | Compromising an Employee | (Major) | 1.11 | Contraband II | (Major) |
| 1.25 | Unauthorized Use of Information Systems I | (Major) | 4.01 | Disobedience of an Order I | (Major) |
| Select One | | | Select One | | |

**Description of Violation** (Explain how you discovered/learned the facts and who, what when, where, and how. Use continuation sheet if needed.):

On December 04, 2020, an anonymous AIC communication was received by OSCI staff and reported to the SIU. The communication contained numerous allegations pertaining to Library Coordinator Pam McKinney, AIC Mark Wilson (#7449142), and other unauthorized things occurring in the OSCI library. This information initiated an investigation by this writer.

On January 19, 2021, I conducted a search of AIC Wilson's assigned work area in the legal library. During the search I found a white plastic child's toy phone. During my interview of Ms. McKinney, she told me she had purchased the toy phone with her own money and gave it to AIC Wilson without supervisor approval. AIC Wilson violated rule (1.11) Contraband II, by possessing this toy phone and engaging in an unauthorized relationship with an employee which creates a threat to the safe, secure, and orderly operation of the facility.

I also reviewed hundreds of emails, from January 2020 through January 2021, between Ms. McKinney and individuals in the community. These emails were both incoming and outgoing. Most of these emails were with individuals at an outside justice resource firm, or attorneys and other professionals. All of the individuals are associated with AIC Wilson in some manner.

Upon closer review of the emails, I discovered Ms. McKinney was sending and receiving hundreds of pages of attached documents to or from AIC Wilson and the above listed individuals. A majority of these were with individuals at the outside justice resource firm. Ms. McKinney's actions of sending and receiving these emails, containing messages and attached legal documents, saved AIC

Disposition of Physical Evidence: Confidential Report submitted

Staff Witnesses: N/A

Immediate Action Taken: Misconduct Report submitted

Submitted by: J.K. Plante / [signature]        Title: Inspector 3        Time: 11:10am        Date: 8/4/21

Reviewing Supervisor: M. Nofziger / [signature Melissa Nofziger]        Title: AIG/SIU        Time: 11:20am        Date: 8/4/21

************************PLACED IN HOLDING STATUS************************

As Officer-in-Charge, I have reviewed the foregoing Misconduct Report and find that the rule violation(s) is/are of such a serious nature that the good order and security of the facility require immediate removal of the inmate and placement in segregation status because:

RECEIVED AUG 0 5 2021 OSCI HEARINGS OFFICE

Placed in Segregation by: _____ Printed Name and Signature   Title   Time:   Date:

Prehearing Segregation   Approved: [ ]   Denied: [ ]   Release Ordered: _____
                                                                       Signature        Title   Time/Date

Copy Delivered by: D. ESPARZA  /s/ [signature]   c/o   8-4-2021   7:25 PM
                   Printed Name and Signature        Title        Time/Date        CD 293D(02/2021)

Page 1        CONTINUED

## OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT
## CONTINUATION PAGE



Name: Wilson, Mark     SID# 7449142
      (Last   First   MI)

Wilson at least $387.40, from January 2020 through January 2021. This does not include the cost savings of envelopes and postage.

During my interview of AIC Wilson, he was asked to explain the process for obtaining copies and printings (OAR 291-139, Legal Affairs), and the process for mailing out legal mail (OAR 219-139 and OAR 291-131 Mail). AIC Wilson explained both processes and knows them. During my interview of Ms. McKinney, she admitted to directly assisting AIC Wilson with his legal issues, case, and matters. She also admitted to giving AIC Wilson special privileges which not all AICs were afforded.

I also reviewed the number of legal calls AIC Wilson had been allowed through the legal library phones. It was discovered that, between January 2020 through January 2021, AIC Wilson had been given 146 calls to individuals at the outside justice resource firm, and he had received an additional 15 calls to five other individuals. During my interview of Ms. McKinney, she admitted that her relationships with several individuals at the outside justice resource firm became more of a personal friendship than a professional relationship.

AIC WILSON knowingly took advantage of Ms. McKinney by engaging in an unauthorized personal relationship; therefore, violating the rule (4.15) Compromising an Employee. AIC Wilson knew Ms. McKinney would agree to his requests and he took advantage of it. During the interview of AIC Wilson, he stated, " I mean from my perspective, McKinney's biggest sin is being overly helpful.  Right? I mean seriously I mean she, she's helpful with stuff, and so, uh, it makes it easy to say hey, can we let Katie know this, and she says, yeah, fine, no problem, you know."

During the interview of Ms. McKinney, she admitted to directly assisting AIC Wilson with his legal issues, case, and matters. She admitted to buying a plastic toy phone and giving it to AIC Wilson as a gift. She also admitted to giving AIC Wilson special privileges which not all AICs were afforded.

Also, Ms. McKinney's actions of sending and receiving emails, containing messages, and attached legal documents saved AIC Wilson at least $387.40, from January 2020 through January 2021. AIC Wilson claims he did not think about the money Ms. McKinney was saving him by sending and receiving all of these documents, via email. AIC Wilson claims it was about the convenience and time savings. However, there is no doubt he knew it was saving him the cost of copies, postage, and time.

Furthermore, Ms. McKinney is a 22-year veteran employee with the DOC. She has been through countless hours of training during her career. When she was asked, "Have you been compromised as an employee?" She said, "Yes." It is my belief that Ms. McKinney knows, based on her training and experience, if she has been compromised by an AIC or not.

During my interview of AIC Wilson, he was asked to explain his role as a Legal Assistant. (AIC Wilson states he has been a legal assistant for 30 years) He said, "So, the way I see my role is well, first of all assisting the person who comes to see me the best way I can.  Typically, if I can do that, I'm gonna try to get the guy an attorney.  That's not very often I can do that.  So, if I can't get the guy an attorney, I'm essentially his attorney.  I'm doing the work. I'm creating the documents that he's gonna read, sign his name to and send off to court.  So, typically what I do when I do my job, is I have somebody come to me.  I figure out what their problem is.  If it's a legitimate problem I can help them with, I do the work to do what needs to be done, and then as my last step, if it's what I think is a good case, and I know some attorneys, then I start farming it out trying to, I basically send my work product out and say, you know, here is this case, is it somethin you'd be interested in taking.  Sometimes I get lucky, and a lot of times I don't.  But, um, you know, when that happens, then the attorney is the one doing the work for them, but I typically stay involved and, you know, because I've been involved prior to that time explaining, you know, laying out the case, doing the research, understanding what the issue is.  So, I understand the issue pretty well.  If not, then I have to take over the case and do it myself from there on out. And oftentimes a guy will get an attorney, and then not have, be able to have the attorney all the way through, and the case comes back to us."

AIC WILSON's statement above, his saying, "So, if I can't get the guy an attorney, I'm essentially his attorney. I'm doing the work. I'm creating the documents that he's gonna read, sign his name to and send off to court." Is a violation of OAR 291, Division 139-0160(1) and (2). Division 139-0160 refers to Legal Assistants. Number (1), in summary states, "Legal assistants are assigned to work in the facility law library by the library coordinator to help guide and assist other inmates (AICs) in legal research and document preparation on a prioritized basis as assigned by the library coordinator." Number (2) states, "Legal assistants may conduct legal research and prepare legal documents for another inmate (AIC) only if the inmate (AIC) is not capable of doing  their own legal research and document preparation." Nothing in the rule states a legal assistant is or may act as the attorney for another AIC.

Also, during my interview of AIC WILSON we discussed copies and printings on his stand-alone printer, which was located on his desk in his assigned area. AIC Wilson was asked what the process is for obtaining copies or printings of legal work for which the legal

Copy Delivered by: D. ESPARZA   N. G   c/o   8-4-2021   7:25 PM
                   Printed Name and Signature     Title      Time/Date

Page 2                    CONTINUED                    CD 293D(02/2021)
                                                       OSCI HEARINGS OFFICE

## OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT
## CONTINUATION PAGE



Name: Wilson, Mark          SID# 7449142
      (Last   First   MI)

assistant had performed or created. He told me, "Okay. So, you obviously know the process, you took our printers." I asked AIC WILSON to explain the process. He told me, "You know, for the guys working on their own stuff, they do a print request and send it up to the officer, and, uh, they review it and print it out, and CD28 and they, they pay for it. And we have our, uh, our standalone printers, and we print out whatever we're working on for the guys that were working on it. So, it didn't go through that other route." I told AIC WILSON, it was my understanding the copies they printed from the standalone printers were never paid for; and there was no accountability for those. AIC WILSON responded by saying, "There was no accountability to copy, people were paying for stuff out of those though. I mean I, I had guys CD28s for the copies we did." I asked AIC WILSON, "You do?" He responded, "Yeah. Well, no. So, for the prints, no. They're still different. You're right. The first print is, you know, I mean if I printed out a document for somebody, that's their document. I didn't charge them for that. And then they wanted copies, and they got copies."

In summary, AIC WILSON stated he is aware of the OAR (Chapter 291, Division 86, AIC Access to Automation) pertaining to the printers, yet, he would print these copies for AICs at no cost or requirement of a CD-28, or approval from staff. AIC WILSON is knowingly violating the OAR by his actions.

By AIC Wilson knowingly choosing to disregard and violate OAR 291-139 (Legal Affairs), OAR 291-131 (Mail), and OAR 291-86 (AIC Access to Automation), AIC Wilson violated rule (4.01), Disobedience of an Order I.

By AIC Wilson knowingly choosing to disregard and violate OAR 291-86 (AIC Access to Automation), AIC Wilson violated rule (1.25), Unauthorized Use of Information Systems I.

AIC Wilson violated rule (1.11) Contraband II, by possessing this toy phone and engaging in an unauthorized relationship with an employee which creates a threat to the safe, secure, and orderly operation of the facility.

AIC WILSON knowingly engaged in an unauthorized personal relationship with an employee; therefore, violating the rule (4.15) Compromising an Employee.

AIC Wilson's actions were conducted in the legal library, while he was in his role as a legal assistant. His disregard for the rules and processes of the DOC are a threat to the safe, secure, and orderly operation of the library and the OSCI.

This Misconduct Report was delayed until the completion of the investigation, and the review and signature of the Investigation Report.

End of Report.



Copy Delivered by: D. ESPARZA  _D.E_  c/o  8-4-2021  7:25 PM
                   Printed Name and Signature    Title    Time/Date

Page 3                                                CD 293D(02/2021)

# CERTIFICATE OF SERVICE

I certify that on November  29 , 2021, I served the foregoing JERRY PLANTE'S DECLARATION IN SUPPORT OF DEFENDANT JERRY PLANTE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Juan C. Chavez | ___ HAND DELIVERY |
| Franz H. Bruggemeier | ___ MAIL DELIVERY |
| Oregon Justice Resource Center | ___ OVERNIGHT MAIL |
| PO Box 5248 | ___ TELECOPY (FAX) |
| Portland, OR 97208 | _X_ E-MAIL |
| *Attorneys for Plaintiff* | _X_ E-SERVE |

　　　　　　　　　　　　　　　　　　　　　　　*s/ Shannon M. Vincent*
　　　　　　　　　　　　　　　　　　　　　　　SHANNON M. VINCENT #054700
　　　　　　　　　　　　　　　　　　　　　　　Senior Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　　　　KENNETH C. CROWLEY #883554
　　　　　　　　　　　　　　　　　　　　　　　Senior Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　　　　　Tel (503) 947-4700
　　　　　　　　　　　　　　　　　　　　　　　Fax (503) 947-4791
　　　　　　　　　　　　　　　　　　　　　　　Shannon.M.Vincent@doj.state.or.us
　　　　　　　　　　　　　　　　　　　　　　　Kenneth.C.Crowley@doj.state.or.us
　　　　　　　　　　　　　　　　　　　　　　　Of Attorneys for Defendant

Page 1 -    CERTIFICATE OF SERVICE
            SMV/jm8/151894191.docx

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791