**Juan C. Chavez**, OSB #136428
**Franz H. Bruggemeier**, OSB #163533
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-275-1839

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| MARK WILSON<br><br>Plaintiffs,<br>    v.<br><br>JERRY PLANTE, and JOHN DOES 1-10.<br><br>Defendants. | Case No. 6:21-cv-01606-SI<br><br>DECLARATION OF<br>JULIA YOSHIMOTO |

I, Julia Yoshimoto, hereby declare and state as follows:

1. I am 18 years of age or older and am otherwise competent to make this declaration. I make this declaration on personal knowledge of the matters stated in this declaration or from sources deemed reliable.

2. I am a licensed and active attorney in Oregon (OSB No. 131447).

3. On October 1, 2021, I received a letter from Mark J. Wilson, the above-named plaintiff, dated September 27, 2021, in which he stated that he had "[e]nclosed * * * a copy of the administrative review request that [he] sent to the Inspector General today." Attached as

DECLARATION OF JULIA YOSHIMOTO
Page 1 of 3

|   |   |
|---|---|
|   | **Exhibit 4** is a true and correct copy of the letter I received from Mark J. Wilson, which includes the copy of his administrative review request which he included in that letter. |
| 4. | On September 29, 2021, attorney Juan Chavez and I submitted an email and attached letter to ODOC officials Rob Persson, Assistant Director of Operations, and Craig Prins, Inspector General, with a request that the final disciplinary order issued against Mark J. Wilson on August 31, 2021, signed by functional unit manager on September 15, 2021, be vacated in the interest of justice, pursuant to OAR 291-105-0100. |
| 5. | On October 1, 2021, I sent an email to ODOC officials Rob Persson and Craig Prins requesting affirmation of receipt of email and letter sent by me on September 29, 2021, regarding the request to vacate the final disciplinary order issued against Mark J. Wilson. I concluded the email by stating "If you do not respond by 5:00 pm today (10/01/21), we will consider your non-response a denial of our request." |
| 6. | On October 4, 2021, ODOC Inspector General Craig Prins informed attorney Juan Chavez and me by email that he had received our September 29, 2021 request to vacate the final disciplinary order. |
| 7. | On October 28, 2021, ODOC Inspector General Craig Prins denied attorney Juan Chavez's and my September 29, 2021 request to vacate the final disciplinary order in Mark J. Wilson's case. Attached as **Exhibit 5** is a true and correct copy of ODOC Inspector General Craig Prins denial of our request to vacate the final disciplinary order. |
| 8. | Neither attorney Juan Chavez nor I received notice from ODOC Inspector General Craig Prins of his denial of our September 29, 2021 request to vacate the final disciplinary order. |

9. Mark J. Wilson informed me that he had received ODOC Inspector General Craig Prins's letter denying the request to vacate his final disciplinary order by mail on November 17, 2021.

**I declare under penalty of perjury and under the laws of the United States, pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, memory, and belief.**

EXECUTED on this 2nd December.

/s/ Julia Yoshimoto
Julia Yoshimoto
Declarant

1. Dear Bobbin & Julia,                                     Mon. Sept. 27th 2021
2. Hi!! Enclosed you will find a copy of the administrative review request that I sent to the
3. Inspector-General today. The constitutional arguments are on pages 6-8. ▮

[lines 4–10 redacted]

11.
[lines 12–24 redacted]

Take care, be well. Talk to you soon.    Warmest Regards,
                                          Mark

1 _____
2 _____
3 _____
4 _____
5 _____
6 _____
7 _____
8 _____
9 _____
10 _____
11 _____
12 _____
13 _____
14 _____
15 _____
16 _____
17 _____
18 _____
19 _____
20 _____
21 _____
22 _____
23 _____
24 _____

Page    of

Oregon Department of Corrections
# Petition for Administrative Review

Inmate Name: Mark James Wilson *Mark James W.*  SID#: 7449142
Printed Name/Signature

Institution: OSCI    Date: 9/27/21

1) **REVIEW CRITERIA:** In order to file an administrative review, you must have been found in violation of a **Level I or II** rule(s) on the Sanctioning Grid; **or** your sanction recommends an **extension** of your parole release date or **retraction** of earned time, good time or extra good time credits; **or** a segregation sanction **deviation** was ordered.

2) **TIMEFRAMES:** You must file your request with the Inspector General within 60 calendar days after the Final Order has been signed by the Functional Unit Manager/designee or after the preliminary order becomes a final order under OAR 291-105-0031(3).

3) **MANDATORY REQUIREMENTS:** (Please complete the following areas)

Date of Hearing: 8/10/21; + 8/31/21

Hearing Case Number: 2103 OSCI 0056 OSCI 35

| Rule Violation | Sanction |
|---|---|
| 4.15 Compromising an Employee | 120 days DSU; $100 fine + 28 days LOP - Suspended |
| 1.26 Unauthorized Use of Information Systems II | 0 - Merged |
| 1.11 Contraband II | 0 - Merged |

You must provide sufficient evidence to show:

1) There was not substantial compliance with the rule because:

A- OAR 291-105-0021(2)(a) requires filing of a misconduct report "no later than 24 hours after sufficient evidence or information is gathered, discovered, or observed to support a rule violation." Plante did not comply with this provision. He interviewed me on 3/23/21 and interviewed OSCI Library Coordinator P. McKinney on 4/14/21 but he did not issue the misconduct report until 8/4/21, 112 days after interviewing McKinney, in violation of OAR 291-105-0021(2)(a).
(Continued on p.3)

Page 1 of 2 - CD 1442 (5/05)

2) The finding was not based on the preponderance of evidence because:

OAR 291-105-0028(3) mandates: "Rule violation(s) shall be found upon proof by a preponderance of the evidence." The violations found by the Hearings Officer were not found upon proof by a preponderance of the evidence as set forth below:

A- Compromising an Employee. OAR 291-105-0015(4)(h) provides that "[a]n AIC commits Compromising an Employee when that AIC knowingly engages an employee... in a personal relationship or business transaction." Plante made a conclusory allegation that I engaged P. McKinney in a personal relationship. He did not allege that I engaged McKinney in a business transaction. There is no evidence in the record that I "knowingly engaged [P. McKinney]... in a personal relationship[.]" There is no evidence in the record of how I supposedly "knowingly engaged[.]"

(Continued on p. 4)

3) The sanction imposed was not in accordance with provision set forth in the rule (OAR 291-105) because:

4) The disciplinary proceedings and violations against me violate the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution in the ways specified herein:

(Continued on p. 6)

Documentation submitted to the Inspector General will not be returned to you. (OAR 291-105-0081)

************************************************************

Send your Petition for Administrative Review to:

Department of Corrections
Inspector General
2575 Center Street NE
Salem, Oregon  979310

1) There was not substantial compliance with the rule because: (Continued from p.1)

B. OAR 291-105-0021(2)(d)(A) requires that "[T]he misconduct report contain sufficient and complete facts to support the alleged rule violation(s)" and "[T]he misconduct report must contain sufficient information to allow the AIC to prepare a defense." Plante did not comply with this provision. OAR 291-105-0015(4)(h) provides that "[a]n AIC commits Compromising an Employee when that AIC knowingly engages an employee...in a personal relationship or business transaction." Plante's 8/4/21 misconduct report makes only a conclusory allegation that I engaged P. McKinney in a personal relationship. He offered no facts as to how I "knowingly engaged [McKinney] in a personal relationship." He does not include facts about how any supposed "personal relationship" manifested, what evidence of a "personal relationship" he found to exist and/or how my conduct was "knowing." The misconduct report makes no reference to flash drives, a photo, a video or an obituary. The misconduct report contains no facts to support a violation of Unauthorized Use of Info Systems II. The misconduct report contains no facts as to how the plastic toy phone meets the definition of "Contraband" in OAR 291-105-0010(1) or how the toy phone "creates a threat to the safety, security or orderly operation of a facility." Plante's 8/4/21 misconduct report fails to "contain sufficient information to allow [me] to prepare a defense" in violation of OAR 291-105-0021(2)(d)(A).

C. OAR 291-105-0021(2)(h) requires "[t]he reviewing supervisor [to] ensure the [misconduct] report is accurate, appropriate and supported by sufficient information," and to "refer the report back to the author for additional investigation or for less formal action," if it is not. M. Nofzinger signed Plante's 8/4/21 misconduct report as the reviewing supervisor on 8/4/21. Nofzinger did not comply with this provision. Plante's misconduct report is not "accurate, appropriate [or] supported by sufficient information" as referenced in sections 1A+B, above, and incorporated herein by this reference. However, Nofzinger did not refer the report back to Plante for additional investigation or for less formal action.

D. OAR 291-105-0028(4) requires that "[t]he Hearings Officer shall consider such evidence as would be considered by a reasonable person in the conduct of their serious affairs." The rule requires consideration of only reliable evidence. The Hearings Officer did not comply with this rule. The Hearings Officer considered unreliable evidence in finding that I: "knowingly engaged an employee ... in a personal relationship or business transaction" in violation of OAR 291-105-0015(4)(h); violated Unauthorized Use of Info Systems II, in violation of OAR 291-105-0015(1)(j); and that I "possess[ed] Contraband ... that creates a threat to the safety, security, or orderly operation of a facility" in violation of OAR 291-105-0015(1)(e).

E. OAR 291-105-0028(8) requires: "An investigation shall be conducted...upon the AIC's request if the information sought, when viewed in a light most favorable to the AIC, and with all reasonable inferences drawn in favor of the AIC would constitute a defense to the charge or substantially mitigate the violation....If a request for investigation is denied, the reason(s) for denial shall be made a part of the record." The Hearings Officer failed to comply with this provision. I filed a prehearing request for investigation and on 8/10/21 the hearings officer said that after reading my request, she had questions as well and continued the hearing. However, when the hearing was reconvened on 8/31/21, no investigation had been conducted. The evidence sought through investigation was available and when viewed in the light most favorable to me, with all reasonable inferences to be drawn therefrom, would have constituted a defense to the Compromising an Employee, Unauthorized Use of Info Systems II and Contraband II charges or substantially mitigated those alleged violations. As such, the hearings officer was required to conduct the requested investigation. She violated this rule by refusing to conduct the investigation and in failing to make the reason(s) for denial of the investigation part of the record.

F. OAR 291-105-0028(9)(e)+(h), I made a written request that 13 AICs, 4 current employees and 3 other persons be called as witnesses and asked specific questions that I listed as required by OAR 291-105-0028(9)(6). The 8/10/21 hearing was postponed to determine if any of my requested witnesses would be called and asked any of the requested

Page 3 of 8 - PETITION FOR ADMINISTRATIVE REVIEW

1  questions. When the hearing was reconvened on 8/31/21, however, the hearings officer refused to call any of
   my requested witnesses or ask any of my requested questions. This violates OAR 291-105-0028(9)(e) because
2  the hearings officer failed to make any findings as to why each "witness' testimony, together with all
   reasonable inferences to be drawn from that testimony, would not constitute a defense to the charge,
3  would not substantially mitigate the violation, or would not assist the Hearings Officer in the resolution of
   the disciplinary action," in violation of OAR 291-105-0028(9)(e). The witnesses I requested were all available and
4  would have offered testimony, as I proposed, that would have constituted a defense, substantially mitigated the violation
   or otherwise assisted the hearings officer, but the hearings officer refused to call any of my witnesses. This
5  also violates OAR 291-105-0028(9)(e) because the hearings officer failed to make the reason(s) for excluding each
   requested witness a part of the record. This also violates OAR 291-105-0028(4)(h) because that rule requires
6  that "all questions that may assist in eliciting evidence that would constitute a defense to the alleged rule
   violation(s) or substantially mitigate the violation(s) shall be posed." The proposed questions I requested to be
7  asked would have assisted in "eliciting evidence that would constitute a defense to the alleged rule violation(s)
   or substantially mitigated the violation(s)." This also violates OAR 291-105-0028(4)(h) because the hearings
8  officer failed to make the reasons for refusing to pose each of my proposed questions a part
   of the record.

9

10 G. The hearings officer violated OAR 291-105-0028(10)(d) by failing to make the reason(s) for classifying Plante's
   report and all the evidence contained therein as confidential, a part of the record. The hearings officer also
11 violated OAR 291-105-0028(10)(d) by improperly withholding P. McKinney's 4/14/21 statement and other evidence as
   confidential and for failing to make the reason(s) for classifying her statement and other evidence as
12 confidential a part of the record.

13 H. The hearings officer violated OAR 291-105-0028(10)(e) which provides "[t]he Hearings Officer may show the AIC or
   read into the record any evidence submitted;" and OAR 291-105-0036(3)(a) which provides that "confidential
14 information may be summarized for the AIC at the time of the hearing without releasing the confidential
   information verbatim or the name of a confidential informant." I submitted a prehearing written request
15 for disclosure of the substance of the information/evidence in the "Confidential Report" submitted by Plante,
   however, the hearings officer refused to summarize that information or read it into the record, in violation of
16 OAR 291-105-0028(10)(e) and OAR 291-105-0036(3)(a), thereby depriving me of notice and the ability to defend myself
   against any allegations contained therein.

17

18 I. OAR 291-105-0036(4)(a)(A) grants all AICs the right to present a defense and OAR 291-105-0036(s) grants AICs the right
   to submit evidence. The hearings officer violated those rules when she denied my prehearing motions for: (a)
19 disclosure of the substance of the Confidential Report; (b) a polygraph examination at my expense; (c) an
   investigation; and (d) witnesses and proposed questions. The denial of these motions, the denial of prehearing notice
20 that the misconduct was based upon flash drives, a photo, a video, and/or an obituary, and handcuffing me behind the back
   in a cage and placing my evidence and legal arguments on a table outside the cage where I couldn't access it
21 deprived me of the ability to prepare and present a defense to the allegations against me, a meaningful
   opportunity to be heard and a fundamentally fair hearing.

22

23 2) The finding was not based on the preponderance of evidence because: (Continued from p.2)
   (P. McKinney)... in a personal relationship(s), including but not limited to "evidence of how any
24 supposed "personal relationship" manifested (e.g., was it romantic, sexual, etc.), no evidence of a "personal

1  relationship" that he supposedly found (e.g., letters, phone calls, inappropriate contact, etc.). Plante
2  searched my work area on 11/19/21 but does not report finding any evidence of a "personal relationship"
   between me and McKinney during that search. Between 12/4/20 and 8/31/21 Plante failed to search my
3  cell for evidence of a "personal relationship" between me and McKinney, in violation of his training
   and ODC Policy. Plante offers no evidence of a "personal relationship" between me and McKinney being discovered
4  during monitoring of my: (a) incoming and/or outgoing mail and/or emails; (b) telephone calls and/or video visits;
   (c) visiting records; and/or (d) trust account activity. Quite to the contrary, no evidence of a "personal
5  relationship," knowing or otherwise, between me and McKinney exists in the record. Therefore, the hearings
   officer's finding of the violation of OAR 291-105-0015(4)(h), Compromising an Employee, is not supported by a
6  preponderance of the evidence, in violation of OAR 291-105-0028(3) or "some evidence" in violation
   of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

7  B. Unauthorized Use of Information Systems II. OAR 291-105-0015(1)(j) provides that an AIC commits Unauthorized
   Use of Information Systems I when that AIC uses information system equipment in ways that exceed
8  the conditions of use or access granted by the Director, functional unit manager, or designee. The
   hearings officer found a violation of OAR 291-105-0015(1)(j) by "viewing photographs of a former AIC
9  and videos of a former AIC on the state owned computer for personal use and using that computer to share
   the photographs and videos with other AICs." The Hearings Officer also found "AIC Wilson admitted to receiving
10 photographs and video of an former AIC that was placed on a thumb drive by Ms. McKinney," "AIC Wilson
   admitted to having personal photos, music and videos stored on the thumb drives AIC Wilson was to use
11 for work as a legal assistant," and "At the hearing, AIC Wilson was asked about the photographs and video
   of the former AIC on the thumb drive, to which AIC Wilson admitted Ms. McKinney gave to AIC Wilson
12 and placed on the thumb drive." First, the photos and videos were not of a former AIC. They were photos and
   videos of an infant child of a former AIC. Second, the photos and video were not sent to McKinney for me.
13 Third, the photos and video were not sent to McKinney by the former AIC. I had nothing to do with McKinney's
   receipt of the photos and video. McKinney, on her own accord, was exchanging baby pictures of her
14 newborn grandchildren with the mother of the infant. Given that I and other AICs knew the father of the
   baby, McKinney authorized me to show the photo and videos to other AICs who knew and would be
15 happy for the former AIC. I did not exceed the authorized use by having the photos, video or music because
   my supervisor, McKinney authorized me to possess and use those items. All library clerks were authorized
16 by McKinney to have music on their thumb drives and to listen to that music while working. Plante seized
   all library clerk thumb drives and saw that all of them had music on them. Plante later returned the
17 thumb drives and music to all OSCI library clerks. No other OSCI library clerk was issued a misconduct
   report charging them with Unauthorized Use of Info Systems I or II for having music on their assigned
18 library flash drives or listening to that music on their work computers. Therefore, the hearings officer's
   finding of the violation of OAR 291-105-0015(1)(j), Unauthorized Use of Information Systems II, is not supported
19 by a preponderance of the evidence, in violation of OAR 291-105-0028(3), or "some evidence", in violation of
   the Due Process Clause of the Fourteenth Amendment to the United States Constitution.
20

21 C. Contraband I. OAR 291-105-0015(1)(e) provides that "[a]n AIC commits Contraband I when that AIC possesses
   contraband ... that creates a threat to the safety, security, or orderly operation of a facility." and OAR
22 291-105-0010(7) defines "Contraband" as: "Any article or thing that an AIC is prohibited by statute, rule or
   order from obtaining or possessing, that the AIC is not specifically authorized to obtain or possess,
23 or that the AIC alters without authorization." Plante alleged that I violated Contraband I by possessing
   a white plastic child's toy phone that McKinney admitted to bringing into OSCI and my law library
24 work area without supervisor approval. The hearings officer found "AIC Wilson was in possession of contraband

1. that was not authorized that created a threat to the safety, security or orderly operation of the facility, as AIC Wilson was in possession of an unauthorized plastic child's toy phone in AIC Wilson's work area;
2. photographs of a former AIC on AIC Wilson's thumb drive that is to be utilized for work as the Legal Assistant;
3. a video of a former AIC on AIC Wilson's thumb drive that is to be utilized for work as the Legal Assistant; music on the thumb drives that is to be utilized for work as the Legal Assistant." First, there is
4. no evidence in the record that I requested, had knowledge of, or played any other role in McKinney's decision to bring the plastic white child's toy phone into OSCI and/or my law library work area. Second, there
5. is no evidence in the record that I knew or had any reason to know that McKinney brought the white plastic child's toy phone into OSCI and the law library without supervisor approval. Third, there is no evidence
6. in the record to support Plante's conclusory allegation "that McKinney gave the white plastic child's toy phone to me as a 'gift'." Fourth, there is no evidence in the record that I reasonably understood or perceived
7. that the white plastic child's toy phone was intended as a "gift" from McKinney. Fifth, there is no evidence in the record that the white plastic child's toy phone is an "article or thing that an AIC is prohibited by
8. statute, rule or order from obtaining or possessing." Sixth, there is no evidence in the record that the white plastic child's toy phone was an article or thing that I was "not specifically authorized to obtain
9. or possess," given that my direct supervisor, a 22-year veteran employee, placed it on my desk as a joke. Seventh, there is no evidence in the record that I altered the white plastic child's toy phone in any way,
10. with or without authorization. Eighth, there is no evidence in the record that the white plastic child's toy phone "creates a threat to the safety, security, or orderly operation of a facility." Ninth, there is no evidence
11. in the record that the photos, videos and/or music on the thumb drives were articles or things that I was "not specifically authorized to obtain or possess," given that my direct supervisor, a 22-year veteran employee, McKinney
12. gave [the photos and videos] to AIC Wilson and placed [them] on the thumb drive as the Hearings Office found, and supervisor McKinney expressly authorized all OSCI library clerks to have music on their assigned thumb
13. drives and to listen to that music while working. Plante seized all the clerk thumb drives and saw that all of them had music on them but returned the thumb drives and music to all other OSCI library clerks
14. and did not issue them misconduct reports for Contraband II for possessing that music. Only I was issued a misconduct report. Notably that misconduct report does not allege the violation of
15. Contraband II by possessing a photo, video and/or music on a thumb drive. The misconduct report doesn't even mention a photo, video and/or music, depriving me of notice and an opportunity to present a defense.
16. Tenth, there is no evidence in the record that my possession of the photo, video and/or music "creates a threat to the safety, security, or orderly operation of the facility." For these reasons,
17. the hearings officer's finding of the violation of DAR 291-105-0015(1)(e), Contraband II, is not supported by a preponderance of the evidence, in violation of OAR 291-105-0028(3), or "some evidence," in violation
18. of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

19. 4) The disciplinary proceedings and violations violate the United States Constitution because: (Continued from p. 2)

20. A. "Personal Relationship" is Unconstitutionally Vague and Over-broad

21. As applied to me, "personal relationship" in OAR 291-105-0015(4)(h), the 8/4/21 misconduct report and the 9/15/21
22. final order is unconstitutionally vague and over-broad insofar as it fails to provide adequate notice of the conduct that I "knowingly engaged in" which constituted a "personal relationship" in
23. violation of OAR 291-105-0015(4)(h). This lack of notice deprived me of the ability to prepare and present a defense, a meaningful opportunity to be heard, and a fundamentally fair hearing, in violation
24. of the First and Fourteenth Amendments to the United States Constitution.

Page 6 of 8 - PETITION FOR ADMINISTRATIVE REVIEW

1  B. Denial of Notice, Ability to Present a Defense, Meaningful Opportunity to be Heard & Fundamentally Fair Hearing

2  The disciplinary proceedings deprived me of constitutionally-required notice, the ability to present a defense, a
meaningful opportunity to be heard, and a fundamentally fair hearing, in violation of the Due

3  Process Clause of the Fourteenth Amendment to the United States Constitution, in one or more of the
following particulars:

4  (a) When the Misconduct Report failed to give prehearing notice that the disciplinary charges were based
upon two thumb drives, a photo, and video, an obituary and/or music.

5
(b) When the hearings officer refused to disclose the substance of the "Confidential Report" and/or

6      evidence contained therein.

7  (c) When the hearings officer refused to allow me to submit to a polygraph examination, at my expense.

8  (d) When the hearings officer refused to grant my request for an investigation.

9  (e) When the hearings officer refused to call any of my requested witnesses or ask any of my proposed
questions of those witnesses.

10
(f) When I was handcuffed behind the back and locked in a cage while my evidence and

11     legal arguments were placed on a table outside the cage where I could not access them
during both the 8/10/21 and 8/31/21 disciplinary hearing.

12
(g) When the hearings officer was not neutral and detached and refused to listen to anything

13     I had to say in my defense, as though she was wearing earplugs.

14  (h) When the hearings officer conducted a sham disciplinary hearing with a predetermined outcome.

15

16  C. Retaliation. The disciplinary investigation, misconduct report, disciplinary proceedings, violations
and sanctions from 12/4/20 through 9/15/21 and my segregation placement from 8/31/21 through

17  12/28/21 constitute pretextual adverse actions that ODOC/OSCI employees have taken, and
continue to take, against me in retaliation for engaging in constitutionally-protected

18  conduct, including but not limited to litigation against ODOC/OSCI employees, legal and
legislative advocacy work and political speech, in violation of the First and Fourteenth

19  Amendments to the United States Constitution.

20  D. Improper Confiscation of Protected Legal Materials & Interference With Court Access & Attorney-Client
Communication and Relationship.

21
The hearings officer found that "AIC Wilson admitted to receiving two black thumb drives from

22  Ms. McKinney that he was storing all of his legal work on. AIC Wilson stated that he was planning on
taking the two black thumb drives home with him when he was going to leave the

23  institution as they were given to him by Ms. McKinney." The hearings officer ignored my testimony
that all OSCI inmates who have legal work are given thumb drives so they can take

24  their legal work home, and that McKinney gave me the two thumb drives so I could transfer my

Page 7 of 8 — PETITION FOR ADMINISTRATIVE REVIEW

1. personal legal work from the assigned legal assistant thumb drives so I could take my
legal materials out of the facility while leaving everything else on the legal assistant
2. assigned thumb drives. The hearings officer found that the two black thumb drives that
were given to me by my supervisor, Library Coordinator McKinney, were contraband and
3. ordered them to be confiscated. By doing so, the hearings officer also improperly
ordered the confiscation of all of my personal legal materials, including material in
4. three active cases. This improper confiscation of my constitutionally-protected legal
materials subjects me to irreparable harm and constitutes interference with court
5. access and attorney-client communication and relationship, and retaliation, in violation
of the First, Fourth, Sixth and Fourteenth Amendments to the United States
6. Constitution.

7. Conclusion.

8. Based upon the foregoing arguments and authorities, I hereby respectfully request
that the challenged disciplinary order be immediately vacated and that I be restored
9. to all housing, employment, incentive level and other statuses, privileges and
positions I held prior to the initiation of these disciplinary proceedings against me.

11. DATED this 22th day of September, 2021.

13. Respectfully submitted,
14. /s/ Mark James W.
15. Mark James Wilson
16. SID# 7449142 - OSCI DSU 40B
17. 3405 Deer Park Drive SE
18. Salem, OR 97310

Page 8 of 8 - PETITION FOR ADMINISTRATIVE REVIEW

Bobbin, Julia, Juan & Conrad,     Nov. 23, 2021

Hi. Thanks for everything! I hope you all have a great Thanksgiving! Enclosed you will find Craig Prins' October 28, 2021 denial of Julia's letter. It did not reach me until November 17, 2021, in an envelope that does not appear to have gone through the mail — see enclosed. [redacted]

[redacted]

Have a great week. Talk to you again soon.

Warmest Regards,

Mark

Mark Wilson
SID# 7449142
3405 Deer Park Dr. SE
Salem, OR 97310



Kate Brown, Governor



**Oregon Department of Corrections**
Office of the Inspector General
2575 Center Street NE
Salem, OR 97301-4667
Voice: 503-945-0988
Fax: 503-373-7092

October 28, 2021

Mark Wilson SID# 7449142
Oregon State Correctional Institution
3405 Deer Park Dr SE
Salem, OR 97310-9385

Dear Mark Wilson,

This will acknowledge receipt of a written request to vacate case number 2103 OSCI 0056 OSCI 35 in the interest of justice. This request was submitted by Julia Yoshimoto and Juan Chavez of the Oregon Justice Resource Center on your behalf. Our office received this request on September 29, 2021.

The above mentioned case, as well as your overall misconduct and institution history, have been thoroughly reviewed. Your case was handled in accordance with the provisions outlined in the Department of Corrections rules governing Prohibited Conduct and Processing Disciplinary Actions (OAR 291-105). Our findings show there was substantial compliance with the rule, the findings were based on a preponderance of the evidence, and the sanctions recommended were appropriate given the circumstances of this case and your history.

At this time I find no compelling reason to vacate, modify, or re-open this case.

Sincerely,

*Craig Prins*

Craig Prins
Inspector General

/mds
cc: Rob Persson, Assistant Director
     File