**JUAN C. CHAVEZ**, OSB #136428
**FRANZ H. BRUGGEMEIER**, OSB #163533
OREGON JUSTICE RESOURCE CENTER
PO BOX 5248
PORTLAND, OR 97208
TELEPHONE: 503-944-2270
FACSIMILE: 971-275-1839

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| MARK WILSON<br><br>Plaintiffs,<br><br>v.<br><br>JERRY PLANTE, and JOHN DOES 1-10<br><br>Defendants. | Case No. 6:21-cv-01606-SI<br><br>DECLARATION OF KATHARINE EDWARDS |

1. This declaration is made in support of Plaintiff's Temporary Restraining Order.

2. I, Katharine ("Kate") Edwards, OSB #173393, have represented clients in Oregon State Correctional Institution (OSCI) since June of 2020, working primarily on the COVID-19 habeas group through the Office of Public Defense Services (OPDS).

3. My legal experience has primarily involved clients living within the Oregon Department of Corrections (ODOC) system, working with adults in custody (AICs).

4. I currently work with a client in OSCI, who I am representing due to the sexual assault(s) he was subjected to during their time in ODOC custody. I previously represented the same client in habeas corpus litigation against OSCI/ODOC on the basis of medical neglect and failure to take appropriate preventative measures against the spread of COVID-19 infections within ODOC facilities.

5. As a newer attorney, I consulted with a more experienced colleague when facing issues of accessibility to my clients, and other questions I had while navigating OSCI's fluctuating COVID-19 policies.

6. My colleague referred me to the plaintiff, due to Mark Wilson's ("Wilson") comprehensive legal knowledge and ability to speak to my client directly.

7. I referred my client to Wilson, and spoke to Wilson myself, to establish a plan for Prison Rape Elimination Act (PREA) related litigation moving forward.

8. Through my conversations with Wilson, it became clear that he was well versed in legal support, and a very adept legal assistant. Wilson guided my client on the overall processes of filing grievances, and helped create the necessary documentation for our tort claim notice.

9. While I was unable to visit my client, Wilson provided crucial moral and emotional support for someone who had undergone a violent and deeply traumatic sexual assault.

10. In addition to my client's interaction with Wilson related to his PREA case, my client also provided Wilson with a written log my client kept, contemporaneously memorializing his day-to-day actions, observations, and interactions with staff. In addition to providing a detailed account of the events surrounding the sexual assaults suffered by my client and the aftermath, the log recorded numerous instances of staff

refusal to comply with COVID-19 regulations, including ongoing refusal by staff to wear requisite masks. My client's log recorded specific names of OSCI staff and dates of noncompliance with COVID-19 regulations.

11. Since working with Wilson, my client has been subjected to two separate disciplinary actions at OSCI. The first disciplinary action occurred in April 2021, and despite its lack of sufficient evidence and subsequent dismissal, my client still spent over two months in the Disciplinary Segregation Unit (DSU). My client filed a grievance, we exhausted that process, and were denied.

12. The second disciplinary action occurred on October 12th, 2021. My client was found guilty of misconduct, with no clear evidence of misconduct occurring. We have recently filed to appeal this discipline, as it has resulted in my client's removal from incentive housing and loss of his job, but the appeal was denied.

13. These disciplinary actions, alongside the overall hostility that ODOC staff have expressed toward my client stretching back to November of 2020 are all clear examples of retaliation for the legal actions my client is taking against ODOC over his sexual assault and his past legal action against OSCI/ODOC regarding its practices around COVID-19 prevention.

14. Privileged attorney-client communications were reviewed during the investigation of Wilson. Though my client and I were unable to confirm this until we were notified of this breach of confidentiality on November 24th, 2021, we had long suspected that ODOC staff were punishing him for his attempt to speak out about his sexual assault and staff's refusal to comply with mandated COVID-19 protective measures.

15. Through my time working with AICs in ODOC custody, I have come to understand that there is a culture within the staff that allows for excessive punishment of AICs through channels that on paper do not always appear to be as retaliatory as they truly are.

16. The investigation of Wilson and the breach of confidentiality between me and my client by Jerry Plante has resulted in multiple instances of unjust retaliation against my client. The perpetrators of those retaliatory acts are the same staff named by my client in his daily log and in the initial sexual assault complaint that Wilson and my client worked to create.

17. The violations of attorney-client privilege by the investigation into Wilson have made me extremely hesitant to refer my clients to the law library. The investigation has limited my trust in what I once considered to be an extremely valuable resource for legal assistance and moral support for AICs.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

DATE: December 2, 2021

_____
Katharine Edwards