**Juan C. Chavez**, OSB #136428
**Franz H. Bruggemeier**, OSB #163533
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-275-1839

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| MARK WILSON<br><br>Plaintiffs,<br>    v.<br><br>JERRY PLANTE, and JOHN DOES 1-10.<br><br>Defendants. | Case No. 6:21-cv-01606-SI<br><br>MOTION TO AMEND COMPLAINT<br><br>(UNOPPOSED) |

### LR-7 CONFERRAL CERTIFICATE

Plaintiff certifies that his Counsel conferred with Counsel for the Defendants, Kenneth Crowley, and has been informed that Defendants do not oppose the relief sought in this motion.

### MOTION TO AMEND COMPLAINT

Plaintiff Wilson, by and through his attorney, Juan C. Chavez, moves the Court to adopt his proposed Amended Complaint as the Complaint in this action, pursuant to Fed. R. Civ. Pro. 15(a) and relate back to the original filing date, pursuant to FRCP 15(c)(1). That complaint is here now attached as Exhibit 1, including track changes. Counsel for Plaintiff has discussed the relief sought in this motion with Counsel for Defendants, and they do not oppose the relief sought.

**POINTS AND AUTHORITIES**

FRCP 15(a) provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Court could grant Plaintiff's Motion under either (1) or (2) under Fed. R. Civ. Pro. 15(a). Plaintiff filed his case on November 4, 2021. Dkt. 1. After filing a Motion for Temporary Restraining Order on November 22, 2021, Dkt. 3., the Court instructed the Plaintiff to seek acceptance of service from the Defendant's presumed counsel, Shannon Vincent. Plaintiff did so, and Defendant appeared before the Court on November 24, 2021 with Counsel. Dkt. 12. Defendant filed a response to Plaintiff's Motion for Temporary Restraining Order, Dkt. 13, and the parties appeared before the Court on December 6, 2021. Dkt. 23. As this Motion to Amend is brought within either the timeframe of (1)(A) or (1)(B), the Court may grant this Motion.

Nevertheless, Plaintiff sought to confer with Defendant on December 6, 2021. Defendant do not oppose the relief sought with this Motion to Amend. *See Chavez Dec.* ¶ 3. Fed. R. Civ. Pro 15(a)(2) advises courts that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) (internal quotations omitted).

In the absence of any apparent or declared reason—such as undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-2 (9th Cir 2003).

Here, Plaintiffs bring this amendment with haste, and in good faith, and the interests of justice advise that the Court grant Plaintiff's relief.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' motion for leave to file an amendment complaint should be **GRANTED**.

DATED, this December 9, 2021.

/s/ *Juan C. Chavez*
Juan C. Chavez, OSB #136428
Franz H. Bruggemeier, #163533

Attorneys for Plaintiff