ELLEN F. ROSENBLUM
Attorney General
SHANNON M. VINCENT  #054700
Senior Assistant Attorney General
KENNETH C. CROWLEY #883554
Senior Assistant Attorney General Assistant
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Shannon.M.Vincent@doj.state.or.us
        Kenneth.C.Crowley@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARK WILSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JERRY PLANTE, RONNIE FOSS, CRAIG PRINS, JOSH HIGHBERGER, MELISSA NOFZIGER, and JOHN DOES 1-10,<br><br>　　　　Defendants. | Case No.  6:21-cv-01606-SI<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT<br><br>***JURY TRIAL DEMANDED*** |

INTRODUCTION

In this lawsuit, filed by Oregon Justice Resource Center ("OJRC") in the name of Adult in Custody ("AIC") Mark Wilson, OJRC seeks to broaden its access into prison affairs through a coordinated effort with Plaintiff Wilson.  That effort would have this Court transform Plaintiff's formerly authorized work assignment as a legal assistant into a new and improper role, which would enable Plaintiff to act as an inside agent for OJRC. This lawsuit is a thinly disguised attempt by OJRC and Wilson to circumvent the rule of law.

Page 1 -   DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
　　　　　SMV/jm8/331066405

ANSWER

In response to Plaintiff Amended Complaint, Defendants Jerry Plante, Ronnie Foss, Craig Prins, Josh Highberger, and Melissa Nofziger, by and through their legal counsel at the Oregon Department of Justice, admit, deny, and allege as follows:

1.      Defendants admit that Plaintiff is an Adult in Custody ("AIC"), who formerly served in a work assignment as an inmate legal assistant. Plaintiff violated rules while in that work assignment, and Defendants admit that Plaintiff was disciplined as a result. Defendants deny retaliating against Plaintiff or violating his constitutional rights for any protected conduct, prison advocacy, or efforts to access the courts. Defendants deny that any declaratory or injunctive relief, compensatory or punitive damages, attorney fees or cost should be awarded to Plaintiff based on the circumstances alleged in this lawsuit.

2.      Defendants do not dispute that the court has jurisdiction over Plaintiff's claims for violation of federal law.

3.      Defendants do not dispute that venue and personal jurisdiction is proper in the District Court of Oregon.

4.      Defendants admit the allegations in paragraph 4 of the Amended Complaint.

5.      Defendants admit that Jerry Plante is employed as an inspector in the Special Investigation Unit of the Oregon Department of Corrections ("ODOC").

6.      Defendants admit that Ronnie Foss is employed as a disciplinary hearings officer with ODOC.

7.      Defendants admit that Craig Prins is employed as the Inspector General for ODOC.

8.      Defendants admit that Josh Highberger is employed as the Superintendent and functional unit manager of Oregon State Correctional Institution ("OSCI") for ODOC.

9.      Defendants admit that Melissa Nofziger is employed as an Assistant Inspector General of ODOC.

Page 2 -   DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
SMV/jm8/331066405

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

10. Defendants lack sufficient information or belief to respond to Plaintiff's allegations regarding individuals identified only as John and Jane Does 1-20. Defendants therefore deny such allegations, and further contend that such allegations are vague, meaningless, and should be stricken.

11. Insofar as the allegation that Defendants have acted "under color of state law" calls for a legal conclusion, it does not require a response at this time.

12. Defendants admit that ODOC follows an approach to corrections that strives for a beneficial prison environment for employees and AICs.

13. ODOC Director Collette Peters is not a party to this lawsuit. Defendants deny that their actions towards Plaintiff are inconsistent with the approach to corrections practices followed by ODOC.

14. Defendants further allege that the actions taken towards Plaintiff, at issue in this lawsuit, were consistent with the objective to protect society, help AICs take personal responsibility, be accountable for their actions, and engage in reformation.

15. Defendants deny that their conduct towards Plaintiff was inconsistent with ODOC rules, regulations, policy, or best practices. Defendants further deny that their conduct toward Plaintiff violated any statutory, constitutional, or common law standards.

16. Defendants do not dispute that ODOC provides law libraries and legal assistance to AICs that fulfills its constitutional duty. Indeed, this is just one of the means in which ODOC provides AICs with access to courts. Other means include state appointed legal counsel in direct criminal appeals, habeas corpus, and post-conviction matters.

17. Defendants do not dispute the plain language contained in ODOC rules under Chapter 291, Division 139. However, to the extent that Plaintiff's allegations call for a legal conclusion, no further response is required.

Page 3 -    DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
SMV/jm8/331066405

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

18.     Defendants do not dispute the plain language contained in OAR 291-139-0160(11). However, to the extent that Plaintiff's allegations call for a legal conclusion, no further response is required.

19.     Defendants deny retaliation against Plaintiff for any legitimate activities.

20.     Legal assistants are expected to follow all applicable rules and procedures in ODOC, including those related to their legal activities, and they are not entitled to any special privileges as a result of their work assignment.

21.     Defendants admit that AICs must obey ODOC staff.

22.     Defendants admit that ODOC staff make day-to-day decisions regarding the conduct of AICs.

23.     If an AIC believes that a staff directive violates an ODOC rule, there is a grievance process to address such issues.  Plaintiff is aware of that grievance process.  Plaintiff is also aware of the ODOC rules regarding legal assistants.  Based on information and belief, Plaintiff did not use the grievance process to challenge any staff directive that violated ODOC rules regarding what he was being asked to do as a legal assistant.

24.     Defendants admit that plaintiff has been incarcerated for over 30 years for committing murder.

25.     Defendants admit that Plaintiff has had a work assignment as a legal assistant for many years, and he has been involved in numerous lawsuits, and related affairs.

26.     Defendants deny that Plaintiff is honest and trustworthy.

27.     Pursuant to state records retention rules, ODOC does not retain AIC major misconduct records indefinitely.  Therefore, Defendants lack sufficient information or belief to admit or deny whether Plaintiff has had a significant history of misconduct.  Defendants admit that Plaintiff has not faced other serious disciplinary charges over the last three years besides the matters at issue in this lawsuit.

28.     Defendants deny having ever targeted Plaintiff.

Page 4 -    DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
            SMV/jm8/331066405

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

29.     Defendants admit Plaintiff had a work assignment as a legal assistant at OSCI for several years, and he was most recently supervised by Pam McKinney ("McKinney").

30.     Defendants lack sufficient information or belief to admit or deny the scope of Plaintiffs specific activities as a legal assistant.  However, his activities should not have exceeded the scope described and permitted by ODOC rules.

31.     Defendants lack sufficient information or belief at this time to admit or deny the scope of requests that legal coordinators directed Plaintiff to provide assistance on.

32.     Defendants deny that Plaintiff was allowed discretion to operate outside ODOC rules.

33.     Defendant admits that Plaintiff developed various relationships through his work assignment as a legal assistant.  Some of those relationships involved activities that violated ODOC rules.

34.     Defendants admit that McKinney worked for ODOC for several years, and that she participated in trainings associated with her work.

35.     Plaintiff's relationship with McKinney involved activities that violated ODOC rules, including not charging AICs for printing costs.  Defendants lack information and belief about whether other legal assistants besides Plaintiff printed documents without charges.

36.     Defendants lack information or belief about whether other legal assistants, besides Plaintiff, were allowed by McKinney to email and engage in phone calls, sent to and received from outside individuals.  Plaintiff's participation in such activities was a violation of ODOC rules.

37.     Defendants admit that McKinney served as an OSCI law library coordinator during the relevant time period related to this lawsuit.  Defendants lack complete information and belief about the extent to which the COVID-19 pandemic, Oregon wildfires, prison evacuations, and lockdowns impacted operations in the OSCI law library.

38.     Defendants lack complete information or belief about the specific work assignment activities that Plaintiff received authorization from McKinney to perform.

Page 5 -    DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
SMV/jm8/331066405

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

39. McKinney's interactions with Plaintiff violated ODOC rules in several significant respects. Defendants lack complete information or belief regarding McKinney's conduct and relationship with other AICs at OSCI. Indeed, McKinney resigned from ODOC before the conclusion of ODOC's internal investigation regarding such matters.

40. Defendants lack complete information or belief regarding whether Plaintiff always maintained a professional and respectful working relationship with other ODOC employees. Defendants deny that Plaintiff merely had a professional and respectful working relationship with McKinney. Plaintiff's interactions with McKinney crossed a line to become something more than what would ordinarily be expected in a prison work setting between staff and AIC. Through his unique relationship with McKinney, Plaintiff obtained privileges, favors, and special treatment that other AICs did not receive, and that ODOC rules did not allow.

41. Defendants admit that the photo on page 8 of the Amended Complaint shows McKinney in the OSCI law library. Defendants lack information or belief regarding whether the photo depicts an example of the work environment created by McKinney.

42. Defendants admit that Plaintiff was suspended from his work assignment as a legal assistant on or about January 21, 2021.

43. Defendants lack sufficient information or belief, to admit or deny whether Plaintiff was specifically directed to stop assisting other AICs with their legal matters.

44. Defendants admit that McKinney was also removed from her OSCI law library coordinator duties on or about January 21, 2021.

45. Defendants admit that McKinney resigned on or about April 15, 2021. She was not brutally grilled, or forced to resign to avoid losing retirement benefits.

46. Defendants admit that Plaintiff received a misconduct report signed by Defendants Plante and Nofziger on or about August 4, 2021.

47. Defendants do not dispute that the misconduct report was previously filed and contained in Docket Entry No. 15.

Page 6 -    DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
SMV/jm8/331066405

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

48. Defendants do not dispute the content of the misconduct report.

49. Defendants do not dispute that Defendant Plante conducted an investigation.

50. Defendants admit that McKinney gave Plaintiff a gift without supervisor approval. Such conduct is a violation of ODOC rules, and supported some of the misconduct charges against Plaintiff.

51. Defendants admit that the gift McKinney gave Plaintiff was a toy phone. Defendants admit that the photo on page 9 of the Amended Complaint depicts a toy phone similar to the gift McKinney gave Plaintiff.

52. Defendants deny that McKinney has provided a reasonable justification for the unauthorized gift to Plaintiff. Although she did say it was a "joke," Defendant Plante did not include this information in the report because her explanation had no relevance to whether the gift violated the rules.

53. Defendants admit that the misconduct investigation revealed that Plaintiff sent and received hundreds of emails to outside individuals, including a substantial number to the Oregon Justice Resource Center ("OJRC"), the law firm that is representing Plaintiff in this lawsuit. By using emails to send attached legal documents, Plaintiff was able to save hundreds of dollars in printing and copying costs. His free access to emails in this way was a violation of ODOC rules and a basis for the disciplinary charges against him. His free access to email in violation of ODOC rules provided extra benefits to both Plaintiff and those he was assisting, including OJRC.

54. Defendants admit that the misconduct investigation revealed that Plaintiff had been allowed to use phones within the OSCI law library for more than one hundred and fifty phone calls with outside individuals, including a substantial number with OJRC. Plaintiff's free access to phone use in this way demonstrates the favoritism he received from McKinney, which provided extra benefits to both Plaintiff and those he was assisting, including OJRC.

Page 7 -   DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
SMV/jm8/331066405

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

55. Whether Defendant Plante violated attorney/client privilege is a question of law that does not require a response at this time.

56. The content of Defendant Plante's misconduct report speaks for itself.

57. There are multiple rules violations documented in Defendant Plante's misconduct report including that Plaintiff knowingly violated ODOC rules by printing a page of an AIC's legal document without charging the AIC for the copy.

58. Defendants admit that the misconduct report states that Plaintiff compromised McKinney, and engaged in an unauthorized personal relationship with her.

59. Defendants deny that Defendant Plante used heavy-handed tactics when he interviewed McKinney. Her current retractions do not change the fact that she resigned rather than face the ongoing investigation. She is now aligned with those she previously admitted compromised her. Her credibility is at issue.

60. Defendants do not dispute that Plaintiff's misconduct took place in the law library and during his work assignment as a legal assistant.

61. Defendants admit that Plaintiff's rules violations occurred under McKinney's watch. His influence over McKinney and her willingness to look the other way or acquiesce are what made Plaintiff's misconduct possible.

62. Defendants lack sufficient information and belief as to whether Plaintiff has ever been criticized or received commendations from other law library coordinators.

63. Defendants do not dispute that defendant Foss conducted a disciplinary hearing on or about August 10, 2021, regarding Plaintiff's misconduct at issue in this case.

64. Defendants do not dispute the disciplinary hearing record. The record speaks for itself.

65. Defendants admit that Defendant Foss denied Plaintiff's requests for 20 witnesses, for the reasons stated, which was properly within her discretion.

66. Defendants admit that Plaintiff's disciplinary hearing concluded with a finding that he had engaged in misconduct and with a sanction of 120 days of disciplinary segregation.

Page 8 -   DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
SMV/jm8/331066405

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

67. Defendants lack sufficient information or belief to admit or deny whether law books and research materials were removed from the OSCI law library after Plaintiff was removed from his position as a legal assistant.

68. Defendants admit that Plaintiff filed a grievance on or about September 7, 2021.

69. Defendants admit that Plaintiff's grievance was dismissed.

70. Defendants admit that on or about September 15, 2021, the Final Order was issued regarding Plaintiff's disciplinary hearing.

71. Defendants admit that Plaintiff submitted a Petition for Administrative Review. Defendants further admit that Plaintiff mailed a copy of his Petition for Administrative Review on or about September 27, 2021, to his legal counsel.

72. Defendants admit that Plaintiff did not receive a response to his Petition for Administrative Review.

73. Subsequent to the Court's ruling on Plaintiff's Motion for Temporary Restraining Order, a copy of Plaintiff's Petition for Administrative Review was received in the ODOC Inspector General's Office.

74. Based on information and belief, the delayed delivery of Plaintiff's Petition for Administrative Review occurred as a result of an inadvertent error in mail handling within ODOC. Defendants admit that the cause for the delay does not appear to have been in Plaintiff's control.

75. Defendants admit that it is preferred for both ODOC and AICs to have a complete administrative record before litigation is initiated.

76. Under the circumstances, Defendants will not be asserting an affirmative defense based on failure to exhaust administrative remedies.

77. Defendants admit that the ODOC Inspector General has discretionary authority to rescind a disciplinary order in the interest of justice. Defendants further admit that, in response to an

Page 9 -    DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
SMV/jm8/331066405

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

inquiry from Plaintiff's legal counsel, Defendant Prins wrote a letter on or about October 28, 2021, explaining why he would not rescind the disciplinary order. The letter speaks for itself.

78. Defendants deny that Plaintiff is currently in disciplinary segregation.

79. Unless specifically admitted or alleged in this Answer, Defendants deny all other allegations contained in the Amended Complaint.

## PLAINTIFF'S FIRST CLAM FOR RELIEF

80. Defendants, including Plante, deny taking adverse action, intentionally or otherwise, in retaliation against Plaintiff in violation of his First and Fourteenth Amendment rights. Defendants deny taking action to chill Plaintiff's exercise of his First Amendment rights. Defendants deny unequal treatment towards Plaintiff. Defendants deny adverse action against Plaintiff for any protected activity. Finally, Defendants affirmatively allege that the combination of all their actions advanced legitimate correctional goals.

## PLAINTIFF'S SECOND CLAIM FOR RELIEL

81. Defendants, including Foss, Nofziger, Highberger, and Prins, deny that the disciplinary order issued against Plaintiff violated his due process rights. Defendants deny imposing an atypical, significant hardship on Plaintiff. Defendants deny that Plaintiff lacked fair opportunity to prepare and present his defense. Defendants deny that evidence was lacking to support the findings of misconduct against Plaintiff. Defendants deny that Nofziger, Highberger, and Prins failed to fulfill their duty to review the report, or that they should have changed the outcome.

## DEFENDANTS' AFFIRMATIVE DEFENSES

82. First Affirmative Defense (Failure to State a Claim): Plaintiff's due process claim fails as a matter of law because he has not articulated that any protected liberty interest was infringed by any Defendant in this case.

83. Second Affirmative Defense (Qualified Immunity): Defendants allege that at all times relevant to plaintiff's Amended Complaint, they were acting in good faith and within their discretion pursuant to the laws and statutes of the State of Oregon and the United States, and

Page 10 -   DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
SMV/jm8/331066405

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

their conduct violated no clearly established statutory or constitutional rights of which a reasonable official would have knowledge.

84. Third Affirmative Defense (Prison Litigation Reform Act): Defendants assert all provisions of the Prison Litigation Reform Act to plaintiff's claims, with the exception of the exhaustion defense (which Defendants are not asserting as stated in Paragraph 76).

RELIEF REQUESTED

85. Defendants pray for judgment herein denying Plaintiff relief and granting Defendants their costs and disbursements incurred in the defense hereof.

DATED January 26, 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Kenneth C. Crowley*
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
KENNETH C. CROWLEY #883554
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Shannon.M.Vincent@doj.state.or.us
Kenneth.C.Crowley@doj.state.or.us
Of Attorneys for Defendant

Page 11 - DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
SMV/jm8/331066405

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791