IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARK WILSON,<br><br>        Plaintiff,<br><br>        v.<br><br>JERRY PLANTE, RONNIE FOSS, CRAIG PRINS, JOSH HIGHBERGER, MELISSA NOFZIGER, and JOHN DOES 1-10,<br><br>        Defendants. | Case No.  6:21-cv-01606-SI<br><br>**PROTECTIVE ORDER** |

Juan C. Chavez and Franz H. Bruggemeier, OREGON JUSTICE RESOURCE CENTER, PO Box 5248, Portland, OR 97208. Of Attorneys for Plaintiff.

Ellen F. Rosenblum, Oregon Attorney General; Shannon M. Vincent and Kenneth C. Crowley, Senior Assistant Attorneys General, OREGON DEPARTMENT OF JUSTICE, 1162 Court Street NE, Salem, OR 97301. Of Attorneys for Defendant Jerry Plante.

**Michael H. Simon, District Judge.**

        One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information and that are subject to protection under Federal Rule of Civil Procedure 26(c). The Court finds that good cause exists to protect the confidential nature of the information contained in documents or deposition testimony.

        In this action, plaintiff, an Oregon Department of Corrections (ODOC) adult in custody has alleged that defendants infringed his First and Fourteenth Amendment rights in connection with a prison disciplinary hearing.

Page 1 -    PROTECTIVE ORDER

The parties expect to exchange information including Special Investigation Unit file materials, parts of Plaintiff's institution file, and potentially personnel information that must be protected for reasons of institutional security and confidentiality. The Court finds that entry of this Protective Order (Protective Order) is warranted to protect against inappropriate disclosure of such documents and information.

**IT IS HEREBY ORDERED** as follows:

1. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp or mark identifying it as "Confidential" or "Attorneys' Eyes Only."

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and with one exception: the Oregon Department of Justice may use or disclose information or documents for legitimate law enforcement purposes and to carry out its duties under ORS chapter 180.

3. This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4. The records of the Oregon Department of Justice are subject to the Oregon Public Records Law; however, the records may contain materials that are exempt from disclosure under the Oregon Public Records Law and other applicable law. Examples of such exemptions that may apply can be found in ORS 192.501 and ORS 192.502. In addition, the following exemptions may apply to the documents the parties expect to exchange in this case:

- ORS 192.501(3) (investigatory information compiled for criminal law purposes);
- ORS 192.502(5) (Department of Corrections records);
- ORS 192.501(4), FRCP 16(c) (personnel files and records, including recruitment, hiring or promotional testing);
- ORS 192.502(2) (information of a personal nature in a personal, medical or mental health, independent medical examination reports, or similar documents that would unreasonably invade privacy);
- ORS 192.502(8) (public records or information the disclosure of which is prohibited by federal law or regulations);
- 45 CFR Parts 160 and 164 (alcohol and drug treatment records);
- the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), e.g., 42 U.S.C. §§ 1330a-7c, 1395ddd, 1395b-5, (see also 45 C.F.R. parts 160 and 164) (health and treatment information).
- ORS 192502(9) (public records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon law).
- ORS 179.505 (health care records);
- OAR 291-070-0120 (inmate records);
- OAR 291-124-0075 (inmate medical records).

5.  If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or referring to such materials are filed with this Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then this Court shall unseal the document. Before seeking to maintain the protection of documents filed with this Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

6. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with this Court, it shall be filed under seal and marked in the manner described in paragraph 5. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

7. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with this Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 5 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by this Court or by personnel authorized to do so by this Court.

8. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the

following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by this Court:

- a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.
- b. In-house counsel for the parties, and the administrative staff for each in-house counsel.
- c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.
- d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.
- e. This Court and its personnel, including, but not limited to, stenographic reporters regularly employed by this Court and stenographic reporters not regularly employed by this Court who are engaged by this Court or the parties during the litigation of this action,
- f. The authors and the original recipients of the documents.
- g. Any court reporter or videographer reporting a deposition.
- h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

9. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons

listed in paragraphs 8(a), 8(b), 8(d), 8(e), 8(g) and 8(h), unless additional persons are stipulated by counsel or authorized by this Court.

10. Before being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 8(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

11. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than the deponent and persons designated in paragraphs 8 and 9, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

12. Before information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is discussed by a witness or offered into evidence at trial, this Court will determine whether persons other than persons designated in paragraphs 8 and 9 shall be excluded from the room and whether the exhibit shall be sealed.

13. If a party receives a lawful request (*e.g.*, public records request, subpoena, request for production) for information from a document or testimony that another party has marked "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order, the party receiving the request shall notify the providing party at least 10 days prior to disclosing the information.

14. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, the party objecting to the confidential status of a document may file an appropriate motion before this Court. In response to a motion brought pursuant to this paragraph, the designating party must show good cause to maintain the Protective Order as to the document in dispute. A party who disagrees

with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of this Court.

15. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not be held liable, however, for disclosure of such documents or materials if that party or counsel did not know or should not reasonably have known that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

16. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential. Neither party may introduce into evidence in any proceeding between the parties the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

17. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

18. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

19. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by this Court.

20. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action, and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

**IT IS SO ORDERED**.

DATED this 21st day of March, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

# EXHIBIT A

I, _____, have been advised by counsel of record for

_____in *Wilson v. Plante, et al.*, U.S. District Court of Oregon Case

No. 6:21-cv-01606-SI, of the protective order governing the delivery, publication, and disclosure

of confidential documents and information produced in this litigation. I have read a copy of the

protective order and agree to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date