**Juan C. Chavez**, OSB #136428
**Franz H. Bruggemeier**, OSB #163533
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-275-1839

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| MARK WILSON<br><br>Plaintiffs,<br>    v.<br><br>JERRY PLANTE, and JOHN DOES 1-10.<br><br>Defendants. | Case No. 6:21-cv-01606-SI<br><br>MOTION TO AMEND AND SUPPLEMENT COMPLAINT<br><br>(UNOPPOSED) |

## LR-7 CONFERRAL CERTIFICATE

Plaintiff certifies that his Counsel conferred with Counsels for the Defendants, Kenneth Crowley and Shannon Vincent, by telephone on Wednesday, March 9, 2022. Plaintiff's counsel explained the nature of the amendments sought, and Defendants' counsel informed him that they did not oppose this motion. Plaintiff's counsel sought further conferral about the timing and additional amendments to the complaint that may affect the Defendants' Rule 12(c) Motion filed on March 21, 2022. Dkt. 38. As of the time of this filing Plaintiff's counsel has received no response.

## MOTION TO AMEND AND SUPPLEMENT COMPLAINT

Plaintiff Wilson, by and through his attorney, Juan C. Chavez, moves the Court to adopt his proposed Second Amended Complaint as the Complaint in this action, pursuant to Fed. R. Civ. Pro. 15(a) and relate back to the original filing date, pursuant to Fed. R. Civ. Pro. 15(c)(1). Plaintiff has also further supplemented the Complaint with additional facts and transactions that occurred after the filing of his First Amendment Complaint, and are brought pursuant to Fed. R. Civ. Pro. 15(d). That complaint is here now attached as Exhibit 1, including track changes. Counsel for Plaintiff has discussed the relief sought in this motion with Counsel for Defendants, and they do not oppose the relief sought.

## POINTS AND AUTHORITIES

Fed. R. Civ. Pro. 15(a) provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. Pro. 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

The Court may grant Plaintiff's relief under Fed. R. Civ. Pro 15(a)(2) and (d).

Defendants do not oppose the relief sought with this Motion. *See Chavez Dec.* ¶ 3. Fed. R. Civ. Pro 15(a)(2) advises courts that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) (internal quotations omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-2 (9th Cir 2003).

Paragraphs 179 to 215 and Claims 3 and 4 of Plaintiff's Proposed Second Amended Complaint are based on facts that happened after Plaintiff's original complaint, beginning on or about January 11, 2022. The factual underpinnings of these allegations and the associated claim stem from the original case filed in November 2021. Since Plaintiff's January 11, 2022 retaliation claims "accrued after the filing of his initial complaint, Rule 15(d) applies." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (internal quotation omitted). "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Id.* (internal quotation omitted). "This interpretation of Rule 15(d) is supported by the general purpose of the Rules to minimize technical obstacles to a determination of the controversy on its merits." *Id.* (internal quotation omitted).

Here, Plaintiffs bring this amendment with haste, and in good faith, and the interests of justice advise that the Court grant Plaintiff's relief. The supplemental allegations and claim should be brought in the present action as they flow from the same retaliatory animus featured in

Plaintiff's First Amended Complaint but occurred after the initial filing. See, e.g., *Committe v. Reeves*, 2020 WL 5630414, at *2 (D Or Sept 21, 2020) ("retaliation claim likely may be brought in a supplemental complaint in his first lawsuit, under Rule 15(d) of Federal Rules of Civil Procedure[.]"); *Caruso v. Solorio*, 2019 WL 6009456, at *3 (E.D. Cal. Nov. 14, 2019) ("Certainly, a supplemental complaint alleging retaliation for prosecuting a case is sufficiently related to the initial claim to fall under Rule 15(d)."); *Ledford v. Idaho Dep't of Juvenile Corr.*, 2019 WL 137571, at *1 (D. Idaho Jan. 8, 2019) (allowing under Rule 15(d) the filing of a supplemental complaint alleging retaliation for the filing of the underlying lawsuit).

## CONCLUSION

Based on the foregoing, Plaintiffs' motion for leave to file an amended complaint should be **GRANTED**.

DATED, this April 5, 2022.

/s/ *Juan C. Chavez*
Juan C. Chavez, OSB #136428
Franz H. Bruggemeier, #163533

Attorneys for Plaintiff