ELLEN F. ROSENBLUM
Attorney General
SHANNON M. VINCENT  #054700
Senior Assistant Attorney General
KENNETH C. CROWLEY #883554
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Shannon.M.Vincent@doj.state.or.us
        Kenneth.C.Crowley@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARK WILSON, | Case No.  6:21-cv-01606-SI |
| Plaintiff, | DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT |
| v. | **Fed. R. Civ. P. 12(b)(6)** |
| JERRY PLANTE, RONNIE FOSS, CRAIG PRINS, JOSH HIGHBERGER, MELISSA NOFZIGER, COLLETTE PETERS, MARIA D. GARCIA, and JOHN DOES 1-10, | |
| Defendants. | |

## CERTIFICATE OF CONFERRAL

Pursuant to L.R. 7-1(a)(1)(A), the parties made a good faith effort to resolve the dispute

in this motion, but they were unable to do so.

## MOTION

Defendants move for an order dismissing plaintiff's retaliation and due process claims

related to his prison disciplinary hearing pursuant to Federal Rule of Civil Procedure 12(b)(6).

Page 1 -   DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
           COMPLAINT
           SMV/jm8/390677239

Plaintiff is an Oregon Department of Corrections (ODOC) adult in custody (AIC). Plaintiff's Second Amended Complaint has two categories of 42 U.S.C. § 1983 claims. First, plaintiff brings claims arise out of a prison disciplinary hearing. These claims include a retaliation claim against Defendant Inspector Jerry Plante and due process claims against Defendants Assistant Inspector General Melissa Nofziger, Hearings Officer Ronnie Foss, Oregon State Correctional Institution (OSCI) Superintendent Josh Highberger, and Inspector General Craig Prins (Sec. Am. Comp. (hereafter, "SAC"), Dkt. #49, ¶¶ 216-250). Second, plaintiff brings claims that arise out of plaintiff's request to speak before the House Judiciary Committee on January 11, 2022. These claims include retaliation and free speech claims against Defendants Director Colette Peters and Legislative and Government Relations Manager Marie Garcia (*Id.* at ¶¶ 251-273).

In this motion, defendants move to dismiss plaintiff's first category of claims—the claims arising out of his prison disciplinary hearing—for failure to state a claim. Defendants Plante, Nofziger, Foss, Highberger, and Prins move to dismiss plaintiff's retaliation and due process claims against them as barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1992), because plaintiff alleges that the at-issue disciplinary hearing will delay his release from custody. (SAC, Dkt. #49, ¶ 236). And Defendants Nofziger, Highberger, and Prins move to dismiss plaintiff's due process claims on the grounds that their alleged conduct did not implicate plaintiff's constitutional right to due process.

In support of this motion, defendants rely on the pleadings on file with the Court and the memorandum of law below.

## MEMORANDUM OF LAW

## I.    Applicable Legal Standard.

On a motion to dismiss for failure to state a claim, courts presume the truth of the allegations in the complaint and construe them in the light most favorable to the nonmoving party. Fed. R. Civ. P. 12(b)(6).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.    Legal Argument.

### A.    Plaintiff's retaliation and due process claims arising out of his prison disciplinary hearing are barred by *Heck v. Humphrey*.

In his Second Amended Complaint, plaintiff alleges that:

> Plaintiff's condition, that is, his restraint, is atypical and significant because, as a result of the misconduct proceedings and Final Order finding him guilty of serious misconduct, *the duration of his confinement will invariably be affected by depriving him of a full reduction in [h]is prison term and by postponing his scheduled release date of January 9, 2025, when that date arrives*.

(SAC, Dkt. #49, ¶ 236 (emphasis added)). Because plaintiff alleges that his disciplinary hearing will delay his release, all claims arising out of that hearing are barred by the doctrine of *Heck v. Humphrey*.

Under *Heck*, Section 1983 claims that implicate the invalidity of a conviction are not cognizable until the conviction has been invalidated:

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486–87 (1992). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or *duration* of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id.* at 481 (emphasis added).

Page 3 -    DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
SMV/jm8/390677239

*Heck*'s bar applies to prison disciplinary hearings that result in the revocation of earned time credits or implicate the duration of an AIC's confinement.  In *Edwards v. Balisok*, which arose out of an adult in custody's challenge to a prison disciplinary hearing in which his earned time credits were revoked, the Supreme Court held that the plaintiff's "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."  520 U.S. at 648.  Although an adult in custody has a protected liberty interest in revoked earned time credits, an AIC civil rights action is not cognizable unless the decision revoking the credits has been invalidated.  *Id.* at 645-48.  Thus, plaintiff's claim that the disciplinary case underpinning his retaliation and due process Section 1983 claims against Defendants Plante, Nofziger, Foss, Highberger, and Prins impacted "the duration of his confinement" (SAC, Dkt. #49, ¶ 236) is *Heck* barred and must be dismissed.

> ### B.    Defendants Nofziger, Highberger, and Prins' alleged conduct did not implicate plaintiff's right to due process.

Unlike plaintiff's due process claim against Hearings Officer Foss, his due process claim against Defendants Nofziger, Highberger, and Prins is not based on the procedural due process requirements for prison disciplinary hearings set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Instead, his due process claim against these three defendants is based on allegations that they failed to do what they were required to do under the Oregon Administrative Rules (OARs).

A state may create a liberty interest through statutes, prison regulations, and policies. *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005).  For many years, courts "analyzed whether a state had created a liberty interest in its prison regulations under the 'substantive predicates approach,'" which "asked whether the state has placed 'substantive limitations on official discretion,' through 'adopting regulations which establish 'substantive predicates' to govern official decision making,' by using 'explicitly mandatory' rather than discretionary language." *Chapell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (citations omitted).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

The approach to state-created liberty interests changed, however, in response to *Sandin v. Conner*, 515 U.S. 472 (1995), in which the Supreme Court criticized its previous "substantive predicates" approach as applied to changes in prison conditions, asserting that "the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause." *Id.* at 480–83. *Sandin* refocused the inquiry on whether the action "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483–84. In applying *Sandin*, the Ninth Circuit "ha[s] concluded that the discretionary/mandatory substantive predicates approach was 'abandoned' or 'overruled' . . . , and [the] decisions have focused only on the 'atypical and significant hardship' test, even in the face of relevant prison regulations." *Chappell*, 706 F.3d at 1063-64 (citations omitted). "*Sandin* and its progeny made this much clear:  to find a violation of a state-created liberty interest the hardship imposed on the prisoner must be 'atypical and significant . . . in relation to the ordinary incidents of prison life.'" *Id.* at 1064 (citing *Sandin*, 515 U.S. at 483–84).

In other words, in order to endow an AIC with a state-created liberty interest to which procedural due-process protections attach, a prison regulation must grant the AIC a right that, if infringed, would constitute an "atypical and significant" condition of confinement.

Here, the OARs underpinning plaintiff's due process claim against Defendants Nofziger, Highberger, and Prins do not grant plaintiff any right that, if infringed, would constitute an "atypical and significant" condition of confinement.

### 1.    Assistant Inspector General Nofziger.

Plaintiff alleges that Assistant Inspector General Nofziger "had a duty to review the misconduct report to determine if it was accurate" before signing it.  (SAC, Dkt. #49, ¶ 244).

Under OAR 291-105-0021(2)(b), a misconduct report's reviewing supervisor "will ensure the report is accurate, appropriate, and supported by sufficient information."  OAR 291-105-0021(2)(b).

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

OAR 291-105-0021(2)(b) does not create a liberty interest to which procedural due-process protections attach, because it does not create a right that, if infringed, would constitute an "atypical and significant" condition of confinement. As such, the Court should dismiss plaintiff's due process claim against Assistant Inspector General Nofziger.

**2.      Superintendent Highberger.**

Plaintiff alleges that Superintendent Highberger "had a duty upon receiving the preliminary order to evaluate whether" dismissing or changing the disciplinary sanction was warranted for "one or more the reasons specified in OAR 291-105-0031(5)" before signing it. (SAC, Dkt. #49, ¶¶ 245-46). But OAR 291-105-0031(5) did not require Superintendent Highberger to dismiss the misconduct report or change the sanction. The rule is discretionary. It provides: "Grounds for Issuance of Amended Orders: The functional unit manager or designee _**may**_ issue an amended order [(in circumstances described in the rule)]." OAR 291-105-0031(5) (emphasis added). OAR 291-105-0031(5) does not create a liberty interest to which procedural due-process protections attach, because it does not create a right that, if infringed, would constitute an "atypical and significant" condition of confinement. Thus, the Court should dismiss plaintiff's due process claim against Superintendent Highberger.

**3.      Inspector General Prins.**

Plaintiff alleges that Inspector General Prins failed to "dismiss or vacate the Final Order or reopen the case made against Plaintiff under OAR 291-105." (SAC, Dkt. #49, ¶ 248). The OARs do not provide a right to an appeal of disciplinary proceedings. See OAR 291–105-005 through 291–105–0100. Although the OARs allow the Inspector General to vacate any part of a disciplinary order or reopen the disciplinary hearing in the interest of justice, this is not a right to which an AIC is entitled.

Under OAR 291-105-0100, "The Inspector General . . . _**may**_, in the interest of justice, vacate all or part of a final disciplinary order or withdraw the order and direct that a disciplinary hearing be reopened for consideration of new evidence." OAR 291-105-0100 (emphasis added).

Page 6 -    DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
SMV/jm8/390677239

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

In *Woodroffe v. Oregon, et al.*, the Court confronted similar allegations against an inspector general who had denied an ODOC AIC relief in the administrative review process, and the Court concluded that the inspector general "did not violate a right of Plaintiff's by deciding not to vacate or reopen the adverse judgment . . . ."  Case No. 2:12-cv-00124-SI, 2015 WL 2125908, at *8 (D. Or. May 6, 2015).

In addition, the OARs outlining the procedures for administrative review of prison disciplinary hearings do not create a liberty interest to which procedural due-process protections attach, because they do not create a right that, if infringed, would constitute an "atypical and significant" condition of confinement.  Thus, the Court should dismiss plaintiff's due process claim against Inspector General Prins.

**III.    Conclusion.**

For the foregoing reasons, the Court should dismiss plaintiff's retaliation and due process claims arising out of his prison disciplinary hearing as *Heck*-barred, and the Court should dismiss plaintiff's due process claims against Defendants Nofziger, Highberger, and Prins.

DATED April 20, 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


   *s/ Shannon M. Vincent*
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
KENNETH C. CROWLEY #883554
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Shannon.M.Vincent@doj.state.or.us
Kenneth.C.Crowley@doj.state.or.us
Of Attorneys for Defendant


Page 7 -    DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
              COMPLAINT
              SMV/jm8/390677239

                              Department of Justice
                              1162 Court Street NE
                              Salem, OR 97301-4096
                          (503) 947-4700 / Fax: (503) 947-4791