**Juan C. Chavez**, OSB #136428
**Franz H. Bruggemeier**, OSB #163533
**Benjamin W. Haile**, OSB # 040660
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-275-1839

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| MARK WILSON<br><br>Plaintiffs,<br>    v.<br><br>JERRY PLANTE, RONNIE FOSS, CRAIG PRINS, JOSH HIGHBERGER, MELISSA NOFZIGER, COLLETTE PETERS, MARIA D. GARCIA, and JOHN DOES 1-10.<br><br>Defendants. | Case No. 6:21-cv-01606-SI<br><br>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' RULE 12 MOTION |

## I.  INTRODUCTION

Defendants Plante, Foss, Prins, Highberger, and Nofziger have motioned for dismissal of some of Plaintiff's retaliation claims and due process claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Their motion ignores the factual and legal basis of Plaintiff's claims as alleged in the Second Amended Complaint.

First, Defendants misstate that Plaintiff's retaliation claim against Defendant Plante "arise[s] out of a prison disciplinary hearing." Dkt. No. 51 at 2. It does not. Plaintiff's retaliation claim at issue here pertains to Defendant Plante's actions prior to the prison disciplinary hearing. Dkt. No. 49 ¶¶ 216-226.[2]

Second, based on that incorrect premise, Defendants assert that Plaintiff's retaliation and due process claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Dkt. No. 51 at 2, 3-4. That affirmative defense should be rejected as meritless.

Defendants argue that *Heck* applies because Plaintiff has lost "earned time credits" and his duration of confinement would be shortened. Dkt. No. 51 at 4. Plaintiff is ineligible for "earned time credits" under ORS 421.121 due to the date of his crime. Additionally, Plaintiff's overall length of confinement has not yet been affected by the prison disciplinary decision at issue in this case. Therefore, a favorable decision in this § 1983 action would not *necessarily* result in an earlier release from incarceration, as would be required to apply the *Heck* bar. 512 U.S. at 483 (distinguishing *Heck* from *Wolff v. McDonnell*, 418 U.S. 539 (1979), the latter being a case of improper procedure resulting in loss of good time credits). Because this case would not

---

[1] Defendants do not seek dismissal of Plaintiff's retaliation claims against Defendants Peters and Garcia. Defendant Foss also does not seek dismissal of the Due Process claim against her. Plaintiff's references to the retaliation and due process claims at issue in this response, therefore, do not include those claims.

[2] Plaintiff incorrectly added factual allegations in the Second Amended Complaint at paragraphs 227-228 involving Defendant Foss to his retaliation claim. Those allegations relate to the Second Claim for Relief (Due Process).

necessarily result in an earlier release from prison than currently exists or necessarily will exist, the *Heck* bar does not apply.

Third, even assuming *Heck* applies to Plaintiff's due process claim, Defendants fail to explain how or why his retaliation claim would necessarily result in shortening Plaintiff's confinement.

Fourth, Defendants argue that due process does not apply to the actions of Defendants Nofziger, Highberger, and Prins because state law does not create a liberty right under *Sandin v. Conner*, 515 U.S. 472 (1995). Each of those named Defendants personally participated in and approved of the disciplinary proceeding giving rise to the due process violation alleged in the Second Amended Complaint. That sufficiently alleges a due process claim against those Defendants.

**II.     Defendants Rule 12(b)(6) Motion Should Be Denied**

    **A.     *Heck* does not Bar Plaintiff's Due Process Claim**

Citing to paragraph 236 of Plaintiff's Second Amended Complaint, Defendants argue that "[b]ecause plaintiff alleges that his disciplinary hearing will delay his release, all claims arising out of that hearing are barred by the doctrine of *Heck v. Humphrey*." Dkt. No. 51 at 3. Defendants argue that *Heck* applies to prisoner's disciplinary hearings that result in the loss of "earned time credits" or "implicate the duration of an AIC's confinement." Dkt. No. 51 at 4. Defendants carry the burden of proof for an affirmative defense that *Heck* precludes a plaintiff's § 1983 claims. *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 n. 5 (9th Cir. 2016). Defendants have not satisfied their burden in making their *Heck* argument.

Under *Heck*, a state prisoner cannot recover damages in a § 1983 suit if a judgment in favor of the prisoner "would necessarily imply the invalidity of his conviction or sentence…

unless the [prisoner] can demonstrate that the conviction or sentence has already been invalidated." *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (discussing *Heck*). The *Heck* bar has been extended to prison disciplinary actions that implicate the overall length of the prisoner's confinement. *Edwards v. Balisok*, 520 U.S. 641, 645 (1997); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) ("holding that "the favorable termination rule [in *Heck*] does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement.").

Earned time credits apply to persons sentenced for crimes committed on or after November 1, 1989. ORS 421.121; *see also State ex rel Engweiler v. Cook*, 340 Or 373 (2005) (explaining application of earned time credits to post-1989 offenders). Plaintiff was convicted of a crime that was committed prior to November 1, 1989, making earned credits under ORS 421.121 inapplicable to him. Dkt. No. 49 ¶ 26; *Wilson v. Maass*, 979 F.2d 857 (9th Cir. 1992) (stating that Plaintiff was convicted in May 1988). Plaintiff does not allege in the Second Amended Complaint that "earned time credit" applies or has been retracted from his incarceration term.

Even if, as Defendant's have pointed out, Plaintiff alleges that his duration of confinement *will invariably* be affected by the disciplinary order, that effect will only accrue at a future time. No change has been automatically made to Plaintiff's release date because of the disciplinary order at issue in this case. He does not allege that his duration of confinement *has necessarily* been affected as of the date of filing this § 1983 suit. *See* Dkt. No. 49 ¶ 236 ("[T]he duration of [Plaintiff's] confinement will invariably be affected by depriving him of a full reduction in [h]is prison term and by postponing his scheduled release date of January 9, 2025, *when that date arrives.*") (Emphasis added). *Heck* and *Edwards* attempt to ward off favorable

judgments in § 1983 suits undermining the validity of a prisoner's conviction or sentence or expedite release from confinement. *See Heck*, 512 U.S. at 481 (habeas corpus is the exclusive remedy to challenge fact or duration of confinement); *Edwards*, 520 U.S. at 646 (*Heck* bars § 1983 suit for alleged due process if it "necessarily impl[ies] the invalidity of the deprivation of … good-time credits."). At this time, a favorable judgment would not expedite Plaintiff's release from confinement.

Nothing before or after Plaintiff's disciplinary hearing changed Plaintiff's tentative parole release date of January 9, 2025. Defendants have not alleged that the misconduct hearing affected Plaintiff's release date or that success in this § 1983 suit would "necessarily imply the invalidity of the deprivation" of his release date. Instead, Defendants are misinterpreting what Plaintiff stated in his Second Amended Complaint as the basis for *Heck/Edwards* applying to Plaintiff's retaliation and due process claims.

Defendants have not satisfied their burden in making their *Heck/Edwards* argument. *See, e.g.*, *Ramirez*, 334 F.3d at 859 (rejecting *Heck* challenge to § 1983 due process claim to the procedures used in disciplinary hearing because "there has been no showing by the State that the expungement Ramirez seeks is likely to accelerate his eligibility for parole."). Nor have Defendants made an argument to support why Plaintiff's retaliation claim triggers the *Heck* bar. Therefore, Defendants' *Heck*/Edwards argument should be rejected.

      **B.**    **Defendants *Nofziger, Highberger,* and *Prins'* personal conduct implicate Plaintiff's right to due process.**

Defendants next argue that Plaintiff's due process claim against Defendants Nofziger, Highberger, and Prins "is not based on the procedural due process requirements for prison disciplinary hearings set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)," but rather on allegations that they failed to follow ODOC's administrative rules. Dkt. No. 38 at 7. From this

premise, Defendants argue that the administrative rules that each those Defendants are governed by do not create a liberty right that, if infringed, would constitute an "atypical and significant" condition of confinement under *Sandin*. *Id.* at 9. Defendants' argument is wrong.

Defendants do not dispute that Defendants Nofziger, Highberger, and Prins personally participated in Plaintiff's disciplinary proceeding. Defendants also admit, as they must, that each Defendant has a specific duty as part of Plaintiff's disciplinary proceeding that is governed by state law.

What Defendants appear to argue is that the disciplinary hearings officer, Defendant Foss, is the *only* person who can be held responsible for allegedly violating Plaintiff's due process rights because the procedural due process requirements of *Wolff* did not include the functions of those other Defendants. As such, in Defendants' view, each of Defendants' actions under their legal duty require a separate *Sandin* analysis to determine if a liberty right existed and whether Plaintiff's procedural due process rights were violated.

Defendants' argument essentially asks this Court to compartmentalize the disciplinary process despite the fact that each of the named Defendants in their respective duties either (a) directly caused the due process violation in carrying out their duties or (b) were responsible in their duties to review and approve Plaintiff's misconduct violation to ensure that some evidence supported the misconduct report and subsequent findings of a rule violation.

Other circuits have held that a "defendant in a civil rights case can[] be held responsible for a constitutional violation [in] which he or she []either participated . . . [] or approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-02 (3d Cir. 2000); *see also, e.g.*, *Williams v. Bitner*, 359 F.Supp. 2d 370, 377 (M.D.Pa. 2005), *aff'd,* 455 F.3d 186 (3d Cir. 2006) (deprivation of RLUIPA attributable to all defendants, "each of whom reviewed and approved of the misconduct in some

manner."); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (finding under prison rule, Commissioner and Director were responsible for ensuring that the requirements of *Wolff* and rule were met and thus liable under § 1983 for due process violation); *King v. Higgins*, 702 F.2d 18, 21 (1st Cir. 1983) (prison superintendent was designated by rule to hear appeals liable under § 1983 for failure to investigate to determine whether plaintiff's due process rights were violated). Plaintiff asks this Court to follow those decisions and conclude that Defendants Nofziger, Highberger, and Prins are not entitled to judgment as a matter of law.

Plaintiff will address each Defendants' respective duty and personal action that violated Plaintiff's due process right as alleged in the Second Amended Complaint.

### 1. Defendant Nofziger personally caused Plaintiff to be prosecuted for a misconduct violation without some evidence supporting the charge.

Defendant Nofziger's duty is spelled out in OAR 291-105-0021(2). As the reviewing supervisor, her duty, among other things, was to "ensure the [misconduct] report is accurate, appropriate, and supported by sufficient information." OAR 291-105-0021(2)(b). "If not supported or appropriate, the reviewing supervisor will refer the report back to the author for additional investigation or for less formal action." OAR 291-105-0021(2)(b).

Plaintiff's due process claim alleges, in part, the disciplinary charges lacked "some evidence," as due process requires. *See Burnsworth*, 179 F.3d at 775 ("Absent some evidence to support the disciplinary charge, 'plaintiff's due process rights are violated even if plaintiff has demonstrated no cognizable liberty interest.'"). Defendant Nofziger's action in signing and authorizing Plaintiff's misconduct report *without any evidence* to support the alleged rule violations allowed the misconduct hearing to proceed in violation of Plaintiff's right to due process. *See* Dkt. No. 49 ¶ 244 ("Defendant Nofziger had a duty to review the misconduct report

to determine if it was accurate, appropriate, and supported by sufficient information. She failed to do that.").

> **2.   Defendant Highberger personally caused Plaintiff to be found guilty of violating ODOC misconduct rules without some evidence supporting Defendant Foss' finding.**

Defendant Highberger's duties in the disciplinary process is to review the hearings officer's preliminary order and "[w]ithin five working days after receipt of the preliminary order," Defendant Highberger "shall do one of the following: (a) approve and sign the preliminary order making it a final order; (b) issue an amended order dismissing the misconduct report for one or more of the reasons specified in OAR 291-105-0031(5) making it his final order; or (c) order the hearings officer to reopen the hearing to receive and consider additional evidence. OAR 291-105-0031(1), (3)(a)-(c). The grounds to issue an amended order dismissing the misconduct report include, as relevant here, "[t]he evidence in the record is insufficient to support the violation(s) found[.]"

Defendant Highberger's actions in the disciplinary process, given his role as the final authority reviewing and approving Defendant Foss' preliminary order, violated Plaintiff's due process rights. He approved Defendant Foss' preliminary order without some evidence in the record to support the violations. Dkt. No. 49 ¶¶ 246, 247 ("Defendant Highberger's failure to dismiss the misconduct report or change the sanction in light of the findings and conclusions given violated Plaintiff's right to due process.").

> **3.   Defendant Prins personally caused Plaintiff to be prosecuted for a misconduct violation without some evidence supporting the charge.**

Defendant Prins' responsibilities in the disciplinary process are also integral to the misconduct proceedings under ODOC rules. Defendant Prins has a duty upon receiving a Petition for Administrative Review under OAR 291-105-0085 to review the Final Order to

determine whether (1) there was substantial compliance with OAR 291-105; (2) the findings were based upon preponderance of the evidence; and (3) the sanction was imposed in accordance with the provisions set forth in OAR 291-105.

Like the other Defendants, Defendant Prins' role is not a passive one but one in which he has a duty to ensure that some evidence supports the Final Order in accordance with due process. His personal involvement in the violation of Plaintiff's due process rights cannot be clearer.

Defendants argue that the Inspector General's duties to vacate any part of the disciplinary order are not a right to which Plaintiff is entitled, citing OAR 291-105-0100 and *Woodroffe v. Oregon, et al.*, Case No. 2:12-cv-00124-SI, 2015 WL 2125908 (D. Or. May 6, 2015). Dkt. No. 38 at 10. The problem with Defendants' argument is that OAR 291-105-0100—and *Woodruff* which is premised on that rule—does not govern the Inspector General's duties in this case. OAR 291-105-0085 does.³

*Woodruff* involved a prisoner's claim that the Inspector General was liable for violating the prisoner's due process rights "by failing to impartially investigate the [disciplinary] charges" under the Inspector General's discretionary review authority in OAR 291-105-0100. 2015 WL 2125908, at *8 ("The OARs allow the inspector general to vacate any part of a disciplinary order or reopen the disciplinary hearing in the interest of justice. OAR 291–1050100."). The Court in *Woodroffe* also stated that ODOC's rules "do not provide a right to an appeal of disciplinary proceedings." *Id.* (*See* also OAR 291–105-005 through 291–105–0100).

---

³ OAR 291-105-0100 authorizes the Inspector General, Assistant Director for Operations, or their designees, to "in the interest of justice, vacate all or part of a final disciplinary order or withdraw the order and direct that a disciplinary hearing be reopened for consideration of new evidence."

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' RULE 12 MOTION
Page 9 of 11

First, Plaintiff asserts in this case that the Inspector General's duty arises under a different ODOC administrative rule, OAR 291-105-0085. Per OAR 291-105-0100, the Inspector General has complete discretionary authority to, "in the interest of justice, vacate all or part of a final disciplinary order or withdraw the order and direct that a disciplinary hearing be reopened for consideration of new evidence." OAR 291-105-0085(5) grants no discretion to the Inspector General whom "*shall* review" the disciplinary case to determine whether there (a) was substantial compliance with OAR 291-105; (b) was a finding based upon a preponderance of evidence; and (c) was a sanction imposed in compliance with the provisions set forth in OAR 291-105. (Emphasis added.)

Second, whatever rules existed at the time *Woodruff* was decided, ODOC's disciplinary rules in effect at all relevant times in this case entitle a prisoner to an "appeal" (or perhaps better stated an "administrative review") of the Final Order by the Inspector General. OAR 291-105-0085.

Plaintiff had filed his timely administrative review request to the Inspector General, and the Inspector General conducted that review under OAR 291-105-0085. Dkt. No. 49 ¶¶ 247-250. Defendants admit that Plaintiff submitted an administrative review request and that the ODOC Inspector General's Office received it. Dkt. No. 33, ¶¶ 71, 73. Defendants also admit that Plaintiff did not receive a response to his petition. Dkt. No. 33, ¶ 72.[4] As such, the Inspector General's actions have resulted in Plaintiff's due process rights being violated.

///

---

[4] Defendant Prins had a duty to respond to Plaintiff's administrative review but he has failed or refused to do so. *See* OAR 291-105-0085(10) ("(10) The Inspector General or designee shall provide the AIC with a written response to the Petition for Administrative Review within 60 days from the date it is received.").

## III. CONCLUSION

As described above, Defendants are not entitled to judgment as a matter of law, and Plaintiff requests that this Court deny the Defendants' Motions.

DATED: May 4, 2022.

/s/ *Juan C. Chavez*
Juan C. Chavez, OSB 136428

Attorneys for Plaintiff