ELLEN F. ROSENBLUM
Attorney General
SHANNON M. VINCENT  #054700
Senior Assistant Attorney General
KENNETH C. CROWLEY #883554
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Shannon.M.Vincent@doj.state.or.us
            Kenneth.C.Crowley@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARK WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY PLANTE, RONNIE FOSS, CRAIG PRINS, JOSH HIGHBERGER, MELISSA NOFZIGER, COLLETTE PETERS, MARIA D. GARCIA, and JOHN DOES 1-10,<br><br>        Defendants. | Case No.  6:21-cv-01606-SI<br><br>REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT |

Defendants moved for an order dismissing plaintiff's Second Amended Complaint in part, as follows:  (I) Defendants Plante, Nofziger, Foss, Highberger, and Prins moved against plaintiff's disciplinary-proceeding-related retaliation and due process claims as *Heck* barred, because plaintiff alleges that the at-issue proceeding will delay his release from custody; and (II) Defendants Nofziger, Highberger, and Prins moved against plaintiff's due process claims on the grounds that their alleged conduct did not implicate plaintiff's due process rights.

Page 1 -   REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS
           PLAINTIFF'S SECOND AMENDED COMPLAINT
    SMV/jm8/477643359

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

For the reasons that follow, the arguments that plaintiff makes in response to defendants' motion are insufficient to overcome the pleading defects with his at-issue claims.

## LEGAL ARGUMENT

### I.  Plaintiff's disciplinary-proceeding-related retaliation and due process claims are *Heck* barred.

In *Heck v. Humphrey*, the Supreme Court held that Section 1983 claims that implicate the invalidity of a conviction are not cognizable until the conviction has been invalidated, because habeas corpus is the exclusive remedy for adults in custody challenging the fact "or duration" of their confinement.  512 U.S. 477, 481, 486–87 (1992).  In his Second Amended Complaint, plaintiff alleges that his at-issue prison disciplinary hearing impacted "the duration of his confinement . . . by depriving him of a full reduction in [h]is prison term and by postponing his scheduled release date of January 9, 2025, when that date arrives."  (Sec. Am. Compl. (hereafter, "SAC"), Dkt. #49, ¶ 236).  Because plaintiff alleges that his disciplinary proceeding will delay his release from custody, defendants moved against his Section 1983 claims arising out of that proceeding on the grounds that they are *Heck* barred.

Plaintiff argues that the *Heck* bar does not apply to his claims because he did not lose any "earned time credits" in his at-issue disciplinary hearing and his claims do not implicate the duration of his confinement "because his overall length of confinement has not yet been affected by the prison disciplinary decision at issue in this case."  (Resp., Dkt. #52, p. 2).  While defendants do not dispute that plaintiff did not lose any earned time credits in his at-issue disciplinary proceeding (and made no such argument in their moving papers), plaintiff's Section 1983 claims arising out of his at-issue disciplinary proceeding implicate the duration of his confinement because of the way that he pleads them.  Plaintiff pleads that "as a result of the misconduct proceedings . . . the duration of his confinement will invariably be affected."  (SAC, Dkt. #49, ¶ 236).  This is precisely the type of claim that is barred under *Heck*.

Page 2 -   REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS
           PLAINTIFF'S SECOND AMENDED COMPLAINT
           SMV/jm8/477643359

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

To the extent that plaintiff argues that *Heck*'s bar is not yet ripe because "[e]ven if . . . [he] alleges that his duration of confinement *will invariably* be affected by the disciplinary order, that effect will only accrue at a future time" (Resp., Dkt. #52, p. 4 (emphasis original)), neither *Heck* nor its progeny carve out such an exception to the *Heck* bar. *Heck*'s bar against Section 1983 claims that implicate the invalidity of a conviction where the underlying conviction has not been invalidated does not include any exception for "effect[s] that will only accrue at a future time" (*id.*), and plaintiff cites to no cases in support of his proposition that there is such an exception. Moreover, such an exception would render *Heck*'s bar largely meaningless, because it is a given that an adult in custody's claim challenging the duration of his time in custody is linked to his release date. If plaintiff's argument were correct, *Heck* would only apply where an adult in custody was bringing Section 1983 claims challenging the duration of his confinement *and* he was actively serving time that—were it not for his underlying at-issue disciplinary proceeding—he would have otherwise been released. *Heck*'s bar has no such requirement. Instead, the test is whether success on a Section 1983 claim would "mean immediate release from confinement or a shorter stay in prison." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Here, plaintiff's claim that "as a result of the misconduct proceedings . . . the duration of his confinement will invariably be affected" (SAC, Dkt. #49, ¶ 236) triggers *Heck*'s bar.

Finally, plaintiff argues that his retaliation claim against Defendant Plante is not subject to *Heck*'s bar because it "pertains to Defendant Plante's actions prior to the prison disciplinary hearing." (Resp., Dkt. #52, p. 2). But Defendant Plante's investigation and misconduct report were a component of and basis for plaintiff's at-issue disciplinary proceeding. As such, plaintiff's related Section 1983 claims are *Heck* barred for the same reasons discussed above.

Page 3 -   REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS
           PLAINTIFF'S SECOND AMENDED COMPLAINT
SMV/jm8/477643359

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

*See, e.g.*, *Sheldon v. Hundley*, 83 F.3d 231, 234 (8th Cir. 1996) (holding that the plaintiff's First Amendment free speech claim was "so entangled with the propriety of the disciplinary result, which triggered the loss of good-time credits, that ruling in [the plaintiff's] favor . . . would necessarily imply the invalidity of the disciplinary result and the lengthened sentence."); *Corrales v. Vega*, Case No. ED CV 12–01876 JVS (RZ), 2013 WL 327479, at *4 (C.D. Cal. Jan. 28, 2013) ("This Court's decision [applying a *Heck* bar] is consistent with the handful of unpublished decisions in this District and other California district courts addressing whether the favorable termination rule bars inmates' retaliation claims targeting disciplinary findings that resulted in losses of good-time credits." (and cases cited therein)).

In sum, because plaintiff alleges that his at-issue disciplinary hearing has "invariably affected" "the duration of his confinement" (SAC, Dkt. #49, ¶ 236), his related retaliation and due process claims against Defendants Plante, Nofziger, Foss, Highberger, and Prins are *Heck* barred.

## II. Defendants Nofziger, Highberger, and Prins, did not engage in any conduct that implicated plaintiff's due process rights.

Defendants Nofziger, Highberger, and Prins also moved against plaintiff's due process claims on the grounds that their alleged conduct in this case did not implicate plaintiff's due process rights. In response to defendants' motion, plaintiff argues that these three defendants "personally participated in and approved of the disciplinary proceeding giving rise to the due process violation" and argues that his supervisory liability claims are rooted in the underlying Oregon Administrative Rules that these defendants allegedly violated. (Resp., Dkt. #52, p. 3). The problems with plaintiff's argument are twofold. First, plaintiff has not alleged that Defendants Nofziger, Highberger, or Prins engaged in the type of conduct necessary for liability to attach under Section 1983. And second, the Oregon Administrative Rules on which plaintiff relies are neither required by *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (which sets forth the procedures required in prison disciplinary proceedings) nor state-created liberty interests.

Page 4 -   REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS
           PLAINTIFF'S SECOND AMENDED COMPLAINT
           SMV/jm8/477643359

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

### A. Plaintiff has not alleged that Defendants Nofziger, Highberger, or Prins engaged in the type of conduct necessary for liability to attach under Section 1983.

To the extent that plaintiff argues that Defendants Nofziger, Highberger, and Prins "approved of the disciplinary proceeding giving rise to the due process violation" in this case, plaintiff's claims are insufficient as a matter of law because supervisors are not vicariously liable under Section 1983 for their subordinate's actions. When a defendant holds a supervisory position, the causal link between her and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). A supervisor may only be liable under Section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Knowledge of and acquiescence in a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Here, plaintiff has not alleged that Defendants Nofizger, Highberger, or Prins, were personally involved in the only conduct that implicated plaintiff's due process rights in this case; that is, Defendant Foss's conduct in conducting plaintiff's at-issue disciplinary hearing. As such, they cannot be held liable for Defendant Foss's conduct under Section 1983. The allegations in this case are similar to those in *Chavez v. Peters*, in which an AIC alleged that a superintendent and acting Inspector General were liable for due process violations "because they approved the hearings officer's recommendations." Case No. No. 2:16-cv-02225-MO, 2019 WL 922237, at *8 (D. Or. Feb. 25, 2019). In *Chavez*, the Court rejected the proposition that "because he approved the disciplinary and restitution orders, [the superintendent] is responsible for any constitutional violations flowing from them." *Id.* Because that argument failed to address the specific acts that violated due process, the Court held that the superintendent and Inspector General could not be held liable under Section 1983. *Id.* The Court reasoned:

Page 5 -   REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS
           PLAINTIFF'S SECOND AMENDED COMPLAINT
    SMV/jm8/477643359
                            Department of Justice
                            1162 Court Street NE
                            Salem, OR 97301-4096
                        (503) 947-4700 / Fax: (503) 947-4791

> [Plaintiff] does not allege that [the superintendent] approved the exclusion of witnesses. Nor does he allege that [the superintendent] knew or should have known that the hearings officer refused to permit witnesses at the hearings. [Plaintiff] merely points to [the superintendent]'s supervisory position and his approval of the hearings officer's ultimate recommendations, which is insufficient to establish [the superintendent]'s participation in denying [plaintiff]'s requests for witnesses. The same defect applies to the claims against [the Inspector General], who is alleged to have upheld the disciplinary and restitution orders in an administrative review. There is no allegation that [the Inspector General] participated in excluding witnesses from the hearings or had any knowledge of the hearings officer's decision to do so.

*Id.* Here, like in *Chavez*, plaintiff has not alleged that Defendants Nofizger, Highberger, or Prins were personally engaged in the Hearings Officer Foss's alleged due process violations. As such, plaintiff has not met the pleading threshold for a Section 1983 supervisory liability claim.

### B. The Oregon Administrative Rules on which plaintiff relies are not part of *Wolff v. McDonnell*'s due process requirements and are not state-created liberty interests.

As set forth in defendants' moving papers, unlike plaintiff's due process claim against Hearings Officer Foss, plaintiff's due process claim against Defendants Nofziger, Highberger, and Prins is not based on the procedural due process requirements for prison disciplinary hearings set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Instead, his due process claim against these three defendants is based on allegations that they failed to do what they were required to do under the Oregon Administrative Rules (OARs).

As defendants explained in their earlier briefing, the OARs that plaintiff has cited are insufficient to establish any freestanding state-created liberty interests because they do not grant any rights that, if infringed, would constitute an "atypical and significant" condition of confinement. And in Superintendent Highberger's case, the cited regulation is also discretionary. OAR 291-105-0031(5) ("The functional unit manager or designee *may* issue an amended order [(in circumstances described in the rule)]." (emphasis added)).

Defendants note that, in his response brief, plaintiff cites OAR 291-105-0085 as a basis for a due process violation against Inspector General Prins (Resp., Dkt. #52, p. 10). Under the provision of OAR 291-105-0085 that plaintiff cites:

Page 6 -   REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS
           PLAINTIFF'S SECOND AMENDED COMPLAINT
           SMV/jm8/477643359

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

> Upon receipt of the Petition for Administrative Review, the Inspector General or designee shall review the case to determine:
>
> (a) Was there substantial compliance with OAR 291-105?
>
> (b) Was the finding based upon a preponderance of evidence? and
>
> (c) Was the sanction imposed in accordance with the provisions set forth in OAR 291-105?

OAR 291-105-0085(5). Plaintiff argues that defendants' admissions in their answer to plaintiff's original complaint that plaintiff "mailed a copy of his Petition for Administrative Review on or about September 27, 2021, to his legal counsel" (Answer, Dkt. #33, ¶ 71) and that plaintiff "did not receive a response to his Petition for Administrative Review" (*id.* at ¶ 72) have—according to plaintiff—"resulted in Plaintiff's due process rights being violated" (Resp., Dkt. #52, p. 10).

Defendants have not, however, admitted that Inspector General Prins timely *received* a copy of plaintiff's Petition for Administrative Review. To the contrary, in their answer to plaintiff's original complaint, defendants stated: "Subsequent to the Court's ruling on Plaintiff's Motion for Temporary Restraining Order, a copy of Plaintiff's Petition for Administrative Review was received in the ODOC Inspector General's Office" and that the delay was likely "a result of an inadvertent error in mail handling." (Answer, Dkt. #33, ¶¶ 72-73).

Regardless, even if Inspector General Prins had timely received the Petition for Administrative Review, OAR 291-105-0085 does not establish a freestanding state-created liberty interest in administrative review of a prison disciplinary hearing. *Wolff* does not require administrative review, and the failure to provide administrative review does not constitute a serious or atypical condition of confinement as is required for a state-created liberty interest. *See, e.g., Monical v. Nofziger*, Case No. 6:18-cv-02214-YY, 2021 WL 4491711, at *4 (D. Or. Sept. 30, 2021) ("'[t]he Due Process Clause does not guarantee a prisoner the right to an administrative appeal from a disciplinary decision[.]'" (internal citation omitted; alteration original)); *Jackson v. Yeager*, Case No. No. 2:18-cv-00816-MO, 2020 WL 825802, at *n.2 (D. Or. Feb. 19, 2020) (same).

Page 7 -   REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS
           PLAINTIFF'S SECOND AMENDED COMPLAINT
SMV/jm8/477643359

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

In sum, plaintiff's due process claims against Defendants Nofziger, Highberger, and Prins do not meet the pleading threshold for supervisory liability under Section 1983, and the specific OARs that plaintiff has cited do not implicate plaintiff's due process rights because they do not establish any state-created liberty interests.

## CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiff's retaliation and due process claims arising out of his prison disciplinary hearing as *Heck*-barred, and the Court should dismiss plaintiff's due process claims against Defendants Nofziger, Highberger, and Prins.

DATED May 18, 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


*s/ Shannon M. Vincent*
SHANNON M. VINCENT #054700
Senior Assistant Attorney General
KENNETH C. CROWLEY #883554
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Shannon.M.Vincent@doj.state.or.us
Kenneth.C.Crowley@doj.state.or.us
Of Attorneys for Defendant

Page 8 -   REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS
           PLAINTIFF'S SECOND AMENDED COMPLAINT
    SMV/jm8/477643359
                        Department of Justice
                        1162 Court Street NE
                        Salem, OR 97301-4096
                    (503) 947-4700 / Fax: (503) 947-4791