**Juan C. Chavez**, OSB #136428
**Franz H. Bruggemeier**, OSB #163533
**Ben Haile**, OSB #040660
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-275-1839

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARK WILSON, <br><br> Plaintiff, <br> v. <br><br> JERRY PLANTE, RONNIE FOSS, CRAIG PRINS, JOSH HIGHBERGER, MELISSA NOFZIGER, COLLETTE PETERS, MARIA D. GARCIA, and JOHN DOES 1-10. <br><br> Defendants. | Case No. 6:21-cv-01606-SI <br><br> PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL <br><br> *Oral Argument Requested* |

<u>*Sur-Reply*</u>

In Defendant's Reply, Defendants cite new authorities in support of their arguments and mischaracterize plaintiff's arguments.

**I.    *Heck* does not bar plaintiff's claims.**

Defendants do not argue that plaintiff's § 1983 claims "render a conviction or sentence invalid." *Heck v. Humphrey,* 512 U.S. 477, 486 (1994). Defendants do not argue that plaintiff

challenges "the fact or duration of his confinement and seeks immediate or speedier release[.]" *Id.* Defendants now concede that "plaintiff did not lose any earned time credits in his at-issue disciplinary proceeding," ECF No. 53 at 2. As such, defendants do not argue that Plaintiff's § 1983 claims "would, if established, necessarily imply the invalidity of the deprivation of" earned time credits in the disciplinary order. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997).

The Defendants have the burden of proving that Plaintiff's § 1983 claims fall within the terms of *Heck* and *Edwards*. Instead of meeting that burden, Defendants rely entirely on paragraph 236 of plaintiff's Second Amended Complaint to support their argument. ECF No. 53 at 2 ("[P]laintiff's Section 1983 claim arising out of his at-issue disciplinary proceeding implicate the duration of his confinement *because of the way that he pleads them.*") (Emphasis added).[1] As such, Defendants' *Heck* argument turns entirely on Defendants' interpretation of plaintiff's pleading.

To that end, Defendants now assert in their reply that "[t]o the extent that plaintiff argues that *Heck's* bar is not yet ripe . . . neither *Heck* nor its progeny carve out such an exception to the *Heck* bar." ECF No. 53 at 3. Defendants state that "plaintiff cites to no cases in support of his proposition that there is such an exception." ECF No. 53 at 3. Defendants further explain that

---

[1] Defendants appear to misquote paragraph 236 of plaintiff's Second Amended Complaint by stating: "Plaintiff pleads that 'as a result of the misconduct proceedings . . . the duration of his confinement will invariably be affected.'" ECF No. 53 at 2. Paragraph 236 actually reads:

> "Plaintiff's condition, that is, his restraint, is atypical and significant because as a result of the misconduct proceedings and Final Order finding him guilty of serious misconduct the duration of his confinement will invariably be affected by depriving him of a full reduction in is prison term and by postponing his scheduled release date of January 9, 2025, when that date arrives."

ECF No. 49, ¶ 236. The omitted text from paragraph 236 are material to the *Heck* analysis.

"such an exception would render *Heck's* bar largely meaningless, because it is a given that an adult in custody's claim challenging the duration of his time in custody is linked to his release date. If plaintiff's argument were correct, *Heck* would only apply where an adult in custody was bringing Section 1983 claims challenging the duration of his confinement ***and*** he was actively serving time that—were it not for his underlying at-issue disciplinary proceeding—he would have otherwise been released. *Heck's* bar has no such requirement. Instead, the test is whether success on a Section 1983 claim would 'mean immediate release from confinement or a shorter stay in prison. . . .'"

ECF No. 53 at 3 (quoting *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005)) (emphasis in original). Defendants mischaracterize plaintiff's argument and misunderstand *Heck*.

First, Plaintiff's argument is that *Heck* does not apply. The *Heck* test is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck,* 512 U.S. at 487. "[I]f the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against plaintiff, the action should be allowed to proceed[.]" *Id*. (Emphasis in original). In the context of a § 1983 claim seeking damages for unconstitutional deprivation of good-time credits, the *Heck* rule applies only if a favorable judgment would necessarily imply the invalidity of the deprivation of good-time credits. *Edwards,* 520 U.S. at 648. As defendants concede, that will not occur here and therefore *Edwards* does not apply. Because judgment in Plaintiff's favor would not *necessarily* imply the invalidity of his conviction or sentence, *Heck* does not apply either. This is not an "exception." This is the explicit text of *Heck.*

Second, accordingly what defendants are asking this Court to do is to expand *Heck* beyond its scope. Defendants would have this court determine a fundamentally different question in considering a *Heck* challenge: whether a judgment in favor of the plaintiff would necessarily imply the invalidity of a future event (years in the future in fact) related to plaintiff's release date. That is not the *Heck* test.

Page 3
PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL DISMISSAL

Third, Defendants' state that *Heck* would be rendered meaningless if it "would only apply where an adult in custody was bringing Section 1983 claims challenging the duration of his confinement ***and*** he was actively serving time…" But, in the context of parole and good time, once a prisoner is released from custody, *Heck* is not a bar to relief under § 1983.

In *Nonnette v. Small,* 316 F.3d 872 (9th Cir. 2002), a former prisoner brought a § 1983 claim alleging his due process rights were violated from disciplinary proceeding resulting in the loss of good-time credits and administrative segregation. 316 F.3d at 874. The state defendants asserted that *Heck* barred those claims because the disciplinary ruling remained in force. *Id.* The Ninth Circuit held that *Heck* did not apply even though the disciplinary ruling had not been invalidated. *Id.* at 876. The Ninth Circuit explained that where petition for habeas corpus relief would present no case or controversy because it could have no effect on lost good time or days of administrative segregation, *Heck* does not bar a § 1983 claim. *Id.* at 876.

*Nonnette* is instructive if not controlling. Here, Plaintiff cannot bring a petition for habeas corpus relief alleging due process and retaliation claims based on a future event affecting his release date. There is simply no case or controversy to bring a petition for habeas corpus because the claims would not be ripe as it relates to future action by the Board of Parole and Post-Prison Supervision on plaintiff's release date. *Texas v. United States,* 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."). As *Nonnette* makes abundantly clear, *Heck* is not a barrier to bringing a § 1983 claim under such circumstances. Defendant is mistaken in arguing otherwise.[2]

---

[2] It should be noted that Defendants do not state that habeas corpus is the proper remedy for Plaintiff's § 1983 claims.

Page 4
PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL DISMISSAL

Dated May 26, 2022.

                                            Respectfully submitted,

                                            */s/ Juan Chavez*
                                            Juan Chavez, OSB #136428
                                            Attorney for Plaintiff