IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARK WILSON**,<br><br>        Plaintiff,<br><br>    v.<br><br>**JERRY PLANTE, RONNIE FOSS, CRAIG PRINS, JOSH HIGHBERGER, MELISSA NOFZIGER, COLLETTE PETERS, and MARIA D. GARCIA**,<br><br>        Defendants. | Case No. 6:21-cv-1606-SI<br><br>**ORDER** |

Juan C. Chavez and Benjamin Wright Haile, OREGON JUSTICE RESOURCE CENTER, PO Box 5248, Portland, OR 97208. Of Attorneys for Plaintiff.

Ellen F. Rosenblum, Oregon Attorney General; Shannon M. Vincent and Kenneth C. Crowley, Senior Assistant Attorneys General, and Nathan K. Riemersma, Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 1162 Court Street NE, Salem, OR 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

      Plaintiff Mark Wilson (Wilson), a state prisoner, brings this lawsuit against several employees of the Oregon Department of Corrections (ODOC) and the Oregon State Correctional Institution (OSCI). In his Second Amended Complaint and Supplemental Complaint (SAC) (ECF 49), Wilson asserts four claims under 42 U.S.C. § 1983, alleging violations of his

PAGE 1 – ORDER

constitutional rights. As Defendants, Wilson names: (1) Jerry Plante (Plante), an Inspector with ODOC; (2) Ronnie Foss (Foss), a disciplinary hearings officer with ODOC; (3) Craig Prins (Prins), the Inspector General of ODOC; (4) Josh Highberger (Highberger), the Superintendent of OSCI; (5) Melissa Nofziger (Nofziger), an Assistant Inspector General of ODOC; (6) Collette Peters (Peters), formerly the Director of ODOC; and (7) Maria Garcia (Garcia), the legislative and government relations manager of ODOC.

Wilson alleges, as his First Claim, brought against Plante and Foss, retaliation in violation of the First and Fourteenth Amendments based on his protected conduct as an "inmate legal assistant" and "prisoner advocate" and his efforts to access the courts in his own case. As his Second Claim, brought against Foss, Prins, Highberger, and Nofziger, Wilson alleges a violation of due process under the Fourteenth Amendment. As his Third Claim, brought against Peters and Garcia, Wilson alleges retaliation in violation the First and Fourteenth Amendments. Finally, as his Fourth Claim, also brought against Peters and Garcia, Wilson alleges a violation of his right to free expression under the First and Fourteenth Amendments.

Now before the Court is Plaintiff's Motion to Exceed Word Count Limit for Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment on His Second Claim for Relief. ECF 80. Specifically, Wilson seeks leave to file a memorandum not to exceed *194 pages in length* in support of Wilson's anticipated motion for partial summary judgment, which will argue that, as a matter of law and without the need for a trial, Defendants violated Wilson's right to due process guaranteed under the Fourteenth Amendment. The Court has reviewed Wilson's motion (ECF 80), as well as Wilson's Identification of Arguments and Summary of Undisputed Facts (ECF 82) and Defendants' Response (ECF 83). Without prejudging Wilson's anticipated motion for partial summary judgment, it appears to the Court

that at least some aspects of Wilson's motion may present genuine disputes as to material fact that will require resolution by a jury.

The Court will not preclude Wilson (or any party) from filing a dispositive motion regarding any claim or defense, if that party believes that such a motion is consistent with the obligations imposed on that party and its counsel under Rule 11 of the Federal Rules of Civil Procedure. The Court, however, does not find good cause for granting relief from Local Rule (LR) 7-2(b)(1), which limits a party's memorandum in support of or opposition to any motion to 11,000 words or 35 pages, whichever is greater. Further, as that rule explains: "If the document exceeds the page limit, then the party must certify compliance with the word-count limit." *Id*.

The Court DENIES Plaintiff's Motion to Exceed Word Count Limit for Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment on His Second Claim for Relief (ECF 80). Not later than November 16, 2023, any party may file a dispositive motion relating to any claim or defense, provided that the filing party complies with all applicable Federal Rules of Civil Procedure and local rules of the District of Oregon. Shortly after that deadline, the Court anticipates setting a firm trial date in this case.

**IT IS SO ORDERED**.

DATED this 7th day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER